769 P.2d 604

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Larry Eugene LANGLEY, Defendant–Appellant.**

**No. 17398.**

Court of Appeals of Idaho.

March 2, 1989.

Gara Louise Newman, of Rupert, for defendant-appellant.

Jim Jones, Atty. Gen. by Michael A. Henderson, Deputy Atty. Gen., Boise, for plaintiff-respondent.

PER CURIAM.

Larry Langley has appealed from an order denying his I.C.R. 35 motion for sentence reduction. Upon his plea of guilty, he stands convicted of bombing a public structure. *See* I.C. § 18–7007 (presently codified as I.C. §§ 18–7006 and 18–7007). Langley received a sentence of fifteen years with a six-year minimum period of confinement. Today we affirm the order denying his Rule 35 motion.

Langley and two accomplices set off a charge of dynamite, damaging one of the legs of the water tower for the City of Rupert. Fortunately, no one was hurt. However, there was substantial property damage. When Langley entered his plea, the state dropped two other charges relating to the same incident and further agreed not to file drug charges for which evidence existed. The plea agreement reserved to the state a right to request the maximum sentence available under I.C. § 18–7007—a prison term of twenty years.

■ Although the district judge ordered a presentence report and held a sentencing hearing, the record now before us contains neither the report nor a transcript of that hearing. It contains only a transcript of the subsequent hearing on Langley's Rule 35 motion. An appellant bears the burden of presenting a record to substantiate his arguments on an appeal. *E.g., State v. Murinko,* 108 Idaho 872, 702 P.2d 910 (Ct. App.1985).

Our review necessarily is limited to the record presented. That record reflects two sides of Langley. On the negative side, it shows that he has a history of violent conduct. in 1974 he committed a robbery and an assault. In 1985 he violated a restraining order and threatened to kill his wife. In 1987 he committed the instant crime—a dangerous and violent act. Langley was intoxicated when he committed the bombing, as he was during other violent episodes. On the positive side, the record shows that Langley expressed remorse for his actions, admitted his guilt, and cooperated with the police. At the hearing on the Rule 35 motion, Langley's former wife testified that Langley was not violent when he was sober. A minister testified that Langley had been attending religious services at the Minidoka County jail since his arrest, and that Langley appeared to be sincerely interested in religious training. At the conclusion of the hearing, the district judge acknowledged that the fifteen-year sentence, with a six-year minimum period of confinement, was "strong." However, he declined to reduce it.

█ On appeal to this Court, Langley argues that the sentence is excessive because he is a good candidate for rehabilitation, that the sentence was affected by publicity or public pressure, and that the sentence is longer than those given to his accomplices. However, as we have noted, the appellate record is sparse. It is barren of any evidence of publicity, public pressure or the sentences of Langley's accomplices.

In denying the Rule 35 motion, the judge referred to his earlier sentencing memorandum. There, the judge explained the sentence in terms of protecting society, retribution and deterrence. He also took rehabilitation into account, granting Langley a chance at parole in six years for a crime that could have been punished with imprisonment up to twenty years.

Having reviewed the sentence in light of the judge's reasoning, the available appellate record and the sentencing criteria discussed in *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct.App.1982), we hold that the judge did not abuse his discretion in imposing the sentence or in later refusing to reduce it. Accordingly, the order denying Langley's motion under Rule 35 is affirmed.