798 P.2d 464

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Felipe Jesus ZAMORA, Defendant–Appellant.**

No. 18205.

Court of Appeals of Idaho.

Sept. 24, 1990.

Van G. Bishop, Nampa, for defendant-appellant.

Jim Jones, Atty. Gen., Jack B. Haycock, Deputy Atty. Gen., for plaintiff-respondent.

PER CURIAM.

In a jury trial, Felipe Zamora was found guilty of possession of cocaine with intent to deliver, a felony. He has appealed from the judgment of conviction, contending that his sentence is excessive. The sole issue is whether the district court abused its sentencing discretion. For the following reasons, we affirm.

The district court committed Zamora to the custody of the Board of Correction under a unified sentence of five and one-half years with a one-year minimum period of confinement followed by a four and one-

half year indeterminate period. He was to receive credit against this sentence for 348 days of incarceration in jail prior to the entry of judgment.

 Although the district judge ordered a presentence report and held a sentencing hearing, the record now before us contains neither the report nor a transcript of the hearing. We have been furnished only with a trial transcript. An appellant bears the burden of presenting a record to substantiate his argument on an appeal. *See, e.g., State v. Langley,* 115 Idaho 727, 769 P.2d 604 (Ct.App.1989).

 Nevertheless, we have considered the arguments contained in Zamora's brief. Ordinarily, we evaluate the reasonableness of the mandatory period of incarceration, applying the substantive criteria articulated in *State v. Toohill,* 103 Idaho 565, 650 P.2d 707 (Ct.App.1982). However, because of the jail-time credit allowed against his sentence, Zamora had already served the minimum period of confinement to become eligible for parole before this appeal was submitted for determination. We are left with the question of whether the overall five and one-half year sentence is unreasonable. We find no basis in the limited record furnished us on appeal for holding that the sentence is excessive. The sentence is not in excess of the statutory maximum, I.C. § 37–2732(a)(1)(A), and does not violate the Unified Sentencing Act. Accordingly, we affirm the judgment of conviction, including the sentence.