956 P.2d 1314

**STATE of Idaho, Plaintiff–Respondent,**

v.

**William MACDONALD, Defendant–Appellant.**

No. 23617.

Court of Appeals of Idaho.

April 22, 1998.

Randall D. Schulthies, Bannock County Public Defender, Thomas E. Eckert, Deputy Public Defender, Pocatello, for appellant. Thomas E. Eckert argued.

Alan G. Lance, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent. Kenneth K. Jorgensen argued.

SCHWARTZMAN, Judge.

A jury found William MacDonald guilty of rape. The district court imposed a unified ten-year sentence, with four years fixed, and retained jurisdiction for 180 days. MacDonald appeals, asserting a number of issues. For the reasons stated below, we affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In the spring of 1996, MacDonald lived with his wife, Kara, in an apartment complex in Pocatello. J.L. lived next door. On May 8, 1996, MacDonald arrived home from work and went to J.L.'s apartment to visit her. J.L. was lying on her couch with her daughter watching television when MacDonald entered her apartment. Shortly after his arrival, MacDonald sat on top of J.L. and began grabbing her thighs, telling her that he was trying to tickle her. She told him that he was hurting her and asked him to stop, but he ignored her requests. MacDonald then picked J.L. up and carried her upstairs to the bedroom, threw her on the bed, and flipped her over onto her stomach. He then grabbed her crotch area and she again asked him to stop and told him that he was hurting her. He ignored her requests and worked his finger under her shorts and into her vagina. He then proceeded to remove her shorts and "slammed" his penis into her vagina three times. He then left her apartment and returned a few minutes later. Upon his return, MacDonald engaged J.L. in a conversation about the incident until his friend arrived at her apartment looking for him.

While MacDonald and his friend were still in her apartment, J.L. went upstairs and used the telephone to call her ex-husband to inform him of the incident and ask his advice. When she came back downstairs, MacDonald and his friend were leaving. J.L. then went to her psychiatrist's office and was taken to the hospital to undergo an examination for the alleged rape. In an interview with the officer investigating the rape, MacDonald admitted to having intercourse with J.L. but asserted that it was consensual.

On June 18, 1996, a criminal information was filed charging MacDonald with rape. On November 7, 1996, defense counsel submitted a written offer of proof of evidence that he intended to introduce at trial pursuant to Idaho Rules of Evidence 412. The evidence included a prior allegation of a sex crime made by J.L. which she later recanted. The court took the Rule 412 motion under advisement.

A jury was impaneled and the trial began on November 13, 1996. On the second day of trial, following the conclusion of the prosecutor's case-in-chief, the court held a hearing on MacDonald's Rule 412 motion. At the hearing, J. L.'s mother testified that at the age of sixteen, her daughter had alleged that her husband, J. L.'s adoptive father, had been raping her since she was eight years old. J.L. was removed from her home by the Department of Health and Welfare. No criminal charges were brought against the father and J.L. subsequently recanted the allegations. Health and Welfare offered to allow the parents to take J.L. back into their home, but they declined to do so. J.L. also

testified at the Rule 412 hearing and recanted her recantation, asserting that her father did in fact physically and sexually abuse her. She testified that she had previously recanted her allegations because she was also being sexually abused by her foster father, and felt that if she were going to be sexually abused, it may as well be by her father. Following this testimony and the testimony of other witnesses in support of and in opposition to the motion, the court excluded evidence of J. L.'s prior recanted allegation of a sex crime on the following bases: (1) the recanted allegation regarding J. L.'s father did not fit within the definition of a sex crime as set forth in Rule 412(e); (2) the false allegation of a sex crime in this case was irrelevant because it related to a crime occurring when J.L. was a minor and could not consent; and (3) even if the false allegation was relevant, it would be so highly prejudicial that it would inflame and confuse the jury. Following the court's exclusion of this evidence, defense counsel went forward with the presentation of evidence and witnesses. Subsequently, the jury found MacDonald guilty of rape.

On December 23, 1996, MacDonald was sentenced to serve a unified ten-year sentence, with four years fixed, and the district court retained jurisdiction. On February 3, 1997, MacDonald filed a notice of appeal.

## II. ISSUES

On appeal, MacDonald challenges the district court's evidentiary ruling excluding evidence of J. L.'s prior false (recanted) allegation of a sex crime. MacDonald asserts that the district court erred in (1) improperly applying Rule 412 of the Idaho Rules of Evidence, and (2) failing to give weight to his constitutional right to confront and cross-examine witnesses when balancing the probative value of the allegation against its prejudicial effect.[1]

MacDonald further claims that his conviction should be vacated because of prosecutorial misconduct occurring during closing argument. He asserts that in closing argument, the prosecutor informed the jury that once they began deliberations, MacDonald would lose his presumption of innocence. MacDonald claims that the prosecutor's remark, made moments before deliberations, infected the trial with such unfairness as to make the conviction a denial of due process. We address these issues in turn.

## III. STANDARD OF REVIEW

"The trial court has broad discretion in the admission of evidence and its judgment will only be reversed when there has been abuse of that discretion." *State v. Zichko*, 129 Idaho 259, 264, 923 P.2d 966, 971 (1996), *citing State v. Zimmerman*, 121 Idaho 971, 973–74, 829 P.2d 861, 863–64 (1992). "[Q]uestions of relevancy are reviewed *de novo.*" *Id., citing State v. Raudebaugh*, 124 Idaho 758, 764, 864 P.2d 596, 602 (1993). Once evidence has been deemed relevant, the determination of whether its prejudicial effect outweighs its probative value is left to the sound discretion of the trial court and will not be disturbed on appeal absent an abuse of discretion. *State v. Matthews*, 124 Idaho 806, 809, 864 P.2d 644, 647 (Ct.App. 1993). On appeal, this Court inquiries whether the trial court correctly perceived the issue as one of discretion, whether the court acted within its discretion and consistent with applicable legal standards, and whether the court reached its decision by an exercise of reason. *Id.*

## IV. ANALYSIS

MacDonald asserts that J. L.'s prior "false" allegation of a sex crime is relevant to her credibility, and as such, evidence of the false allegation is admissible pursuant to the Idaho Rules of Evidence. Rule 401 defines

---

1. MacDonald also asserted that I.R.E. 412 is unconstitutional because it impermissibly infringes upon a defendant's constitutional right to confront and cross-examine his or her accuser. MacDonald did not raise the facial constitutionality of I.R.E. 412 as an issue before the district court. Furthermore, MacDonald did not brief the issue on appeal or cite to any authority to support his position. It is well established that this Court will not consider issues on appeal which are not supported by propositions of law, authority, or argument. *State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996). Accordingly, we decline to address this issue on appeal.

relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Notwithstanding its relevance, evidence may be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." I.R.E. 403. Thus, the determination of whether evidence is admissible is dependent upon both the relevancy of the evidence and whether its probative value is substantially outweighed by other factors.

Rules 401 and 403 of the Idaho Rules of Evidence are *threshold requirements* for the admissibility of evidence. Although evidence may meet the standards for admission under a different rule of evidence, if it does not meet the Rule 401 and Rule 403 standards, the evidence may be properly excluded.

### A. J.L.'s Reassertion of the Prior Allegation of Sexual Abuse: Rule 403 Balancing Test

As previously noted, both J.L. and her mother testified at the Rule 412 motion hearing. A more complete review of their respective testimony is in order for purposes of our analysis. J. L.'s mother testified that J.L. had "falsely accused" her father of "raping" her since she was eight years old. However, this accusation was related to the mother through the Department of Health and Welfare; J.L. never directly informed her mother either of the nature or extent of the alleged abuse. In this context, the information imparted from Health and Welfare was hearsay. Moreover, the mother had no direct knowledge of the allegations, other than to believe they could not be true, and that J.L. must be a liar.

J.L., on the other hand, testified that she reported to Health and Welfare that her father had "physically and sexually abused" her since she was eight years old. J.L. admitted to recanting the allegation of sexual abuse but stated that she did so only because

her mother and father informed her that she could not come home unless she recanted. The series of events that led to J.L.'s recantation are as follows. When J.L. informed the Department of Health and Welfare that her father was sexually and physically abusing her, she was removed from her home and placed with a foster family. J.L. stayed with the foster family for about three months but was removed after her foster father impregnated her. J.L. stated that she told Health and Welfare that the allegations against her father were untrue because her mother and father told her that if she recanted the allegations, she could come home and would not have to be placed in another foster home. J.L. also testified that she was willing to go back into her home, despite her father's abuse, because she felt that if she was going to be sexually abused, it may as well be at the hands of her father rather than a stranger.[2]

■ MacDonald argues that the prior "false" allegation made by J.L. was relevant to her credibility and that the district court failed to consider the effect its exclusion would have on his confrontation rights. Assuming, without specifically deciding, that J. L.'s prior recanted allegation of a sex crime is both relevant and falls within the scope of Rule 412, the probative value of such evidence must not be substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. I.R.E. 403.

The district court found (1) that J. L.'s prior allegation involved conduct which occurred when she was a minor and was incapable of consent while her consent was the only disputed issue in the instant case; (2) that the allegation involved conduct remote and dissimilar to that which was here alleged; and (3) that even if the prior allegation was relevant, it would still be inadmissible because it was "so highly prejudicial that it would not be helpful to the jury, but would rather be confusing and would ... have a tendency to ignite them, to make them do

---

**2.** J.L.'s foster parent pled guilty to and was sentenced to imprisonment for the crime of sexual

battery of a minor. *See State v. Peterson,* 126 Idaho 522, 887 P.2d 67 (Ct.App.1994).

things they would not normally do because of its high prejudice."

We hold that the district court did not abuse its discretion under a Rule 403 analysis. Permitting the admission of evidence regarding J. L.'s prior recanted allegation would be opening a pandora's box of unfairly prejudicial, confusing and time-consuming issues. The highly intimate nature of the prior allegation was compounded by J. L.'s history of victimization. In addition to her prior allegation of sexual abuse by her father and her subsequent impregnation by her foster father, she was involved in a sexual relationship with a man who was 21 when she was 15, which also resulted in a conviction of statutory rape for the man.

In order to explain the reason for her recantation of the allegation against her father, J.L. would have had to testify regarding her impregnation by her foster father and her desire not be placed in another foster home. The admission of this testimony would be necessary to rehabilitate J.L.'s credibility following her mother's testimony that she falsely accused her father of raping her. In addition, MacDonald has conceded, for purposes of rebuttal, the admissibility of J.L.'s prior truthful allegations of sexual abuse resulting in these convictions. As the district court noted, permitting inquiry into these areas would have created a "trial within a trial" where the jury would be required to determine whether J.L. was being truthful with respect to her prior allegation of sexual abuse against her father. In addition, the jury may have been ignited to evaluate the instant offense on the basis of J. L.'s prior history rather than on the basis of the facts before them.

Given this history and under these circumstances, the district court did not abuse its discretion in determining that the probative value of the prior allegation was substantially outweighed by its prejudicial effect under Rule 403.[3] A trial should not stray far from the central issue of guilt or innocence of the defendant into a full-scale investigation of charges made by the prosecutrix against other persons. Having upheld the district

court's exclusion of the proffered evidence on this basis, we need not address MacDonald's remaining arguments in this regard.

## B. Prosecutorial Misconduct in Closing Argument

MacDonald asserts that he was denied due process when the prosecutor told the jury in closing argument that "[t]he presumption of innocence is rebuttable. That's what the State's case has been all about. That's what the State's witnesses have testified about, the defendant's guilt. When you go to the deliberation room, you begin discussing this, that's when the defendant loses his presumption of innocence." At the time this statement was made, defense counsel did not object. On appeal, MacDonald does not argue that the jury was improperly instructed on the presumption of innocence.

Generally, this Court will not consider issues raised for the first time on appeal. *State v. Kellis*, 129 Idaho 730, 732, 932 P.2d 358, 360 (Ct.App.1997). However, an issue may be considered on appeal even though no objection was made at trial if it constitutes fundamental error and arises in the context of a criminal case. *State v. Knowlton*, 123 Idaho 916, 918, 854 P.2d 259, 261 (1993). Our Supreme Court has adopted the following definition of fundamental error:

"Error that is fundamental must be such error as goes to the foundation or basis of a defendant's rights or must go to the foundation of the case or take from the defendant a right which was essential to his defense and which no court could or ought to permit him to waive. Each case will of necessity, under such a rule, stand on its own merits. Out of the facts in each case will arise the law."

*Id.*, quoting *State v. Bingham*, 116 Idaho 415, 423, 776 P.2d 424, 432 (1989), citing *Smith v. State*, 94 Idaho 469, 475 n. 13, 491 P.2d 733, 739 n. 13 (1971). Prosecutorial misconduct only arises to the level of fundamental error when "the comments were so egregious or inflammatory that any prejudice arising therefrom could not have been remedied by a

---

3. J.L.'s mother was permitted to testify at trial regarding her daughter's reputation for truthful-

ness or untruthfulness pursuant to I.R.E. 608. She testified that J.L. was not a truthful person.

ruling from the trial court informing the jury that the comments should be disregarded." *State v. Peite*, 122 Idaho 809, 821–22, 839 P.2d 1223, 1235–36 (Ct.App.1992), *citing State v. Smith*, 117 Idaho 891, 898, 792 P.2d 916, 923 (1990). However, a defendant carries the burden of providing a record on appeal to substantiate his or her arguments. *See State v. Langley*, 115 Idaho 727, 769 P.2d 604 (Ct.App.1989).

█ Under the standards set forth for fundamental error, MacDonald's claim fails. Although the prosecutor's comment could be misconstrued by a jury, his argument was not in and of itself sufficiently egregious or inflammatory to constitute fundamental error. Moreover, any ambiguity could easily have been remedied on objection by a clarification from the trial court. Thus, we will not consider this issue further.

## V. CONCLUSION

The judgment of conviction for rape is affirmed.

PERRY, J., and WOOD, J.Pro Tem., concur.