996 F.2d 1229
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Freddie TSINNIJINNIE, Jr. Defendant-Appellant.
 No. 92-10192.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 14, 1993.*
Decided June 21, 1993.
 
 Before BROWNING, CHOY and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 The parties are familiar with the facts and issues presented and we will not restate them here.
 
 
 3
 * Tsinnijinnie's right to confrontation was not violated because he was precluded from impeaching the victim's testimony with evidence she had previously fabricated allegations of abuse. While there were some minor inconsistencies in one of her prior accusations, there was no evidence they were false. See Hughes v. Raines, 641 F.2d 790, 793 (9th Cir.1981) (no confrontation clause violation in the preclusion of a rape victim's prior allegations that the district attorney had declined to prosecute).
 
 
 4
 Even if it was error not to admit the evidence under Fed.R.Evid. 412 to show the defendant was not the "source of the semen or injury," the error was undoubtedly harmless. Alberta's mother testified she found Tsinnijinnie and Alberta in bed together, and she as well as Alberta's brother and the police officers all testified Tsinnijinnie had admitted his guilt.
 
 II
 
 5
 The district court properly denied Tsinnijinnie's motion for a new trial on the basis of newly discovered evidence. Harry Denesto's testimony that Mrs. Cantrell had stated two other individuals had molested Alberta would have been admissible only as impeachment evidence. Newly discovered impeachment evidence warrants a new trial only if it renders a witness' testimony wholly unbelievable. United States v. Davis, 960 F.2d 820, 825 (9th Cir.1992). Because Denesto is Tsinnijinnie's grandfather and had a significant interest in testifying in Tsinnijinnie's favor, his statement hardly rendered Mrs. Cantrell's testimony "wholly unbelievable."
 
 
 6
 In any event, in view of the overwhelming evidence of Tsinnijinnie's guilt, admission of this evidence would not likely "produce an acquittal." United States v. Walgren, 885 F.2d 1417, 1428 (9th Cir.1989).
 
 III
 
 7
 The district court was not clearly wrong in determining Tsinnijinnie knowingly waived his Miranda rights. Collazo v. Estelle, 940 F.2d 411, 416 (9th Cir.1991) (question of whether the defendant's waiver was knowing and voluntary is a factual one reviewed for clear error). He had a high school education and each part of the Miranda form was explained to him in English and Navajo. Although he stated he did not understand the word "coercion" on the form, he testified he understood his rights when he signed the waiver.
 
 
 8
 There was no evidence Tsinnijinnie's confession was coerced. Tsinnijinnie's reliance on United States v. Lee, 699 F.2d 466, 468 (9th Cir.1982) is misplaced. Tsinnijinnie, like Lee, was questioned inside a closed police car, but Tsinnijinnie, unlike Lee, was given Miranda warnings. Indeed, the issue in Lee was not whether the circumstances of the interrogation were coercive but whether, under those circumstances, Lee was in custody and, accordingly, should have been given Miranda warnings before any questioning took place.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or for the courts of this circuit except as provided by 9th Cir.R. 36-3