COMMONWEALTH *vs.* WILLIAM A. BARRESI, SECOND. No. 97-P-0728. February 11, 1999. *Rape-Shield Statute. Evidence,* Expert opinion, Prior inconsistent statement. *Practice, Criminal,* Argument by prosecutor.

On appeal from convictions by a jury on indictments charging him with rape of a child under sixteen years of age (G. L. c. 265, § 22A) and indecent assault and battery on a child under age fourteen (G. L. c. 265, § 13B), the defendant claims error in the exclusion of evidence under G. L. c. 233, § 21B, the so-called "rape-shield" statute; in the refusal to allow impeachment of the victim with a prior inconsistent statement; and in the prosecutor's closing argument. We see no error and affirm the convictions.

1. *The evidence.* There was evidence, the victim's testimony, to show that on many occasions during a five-month period prior to August, 1993, the defendant, the victim's stepfather, assaulted and raped the victim, who was then thirteen years old. These acts usually took place in the afternoon. The defendant would frequently arrive home from work around noon, and the victim's mother would return from her employment anywhere between 2:00 and 4:00 P.M.

In addition to the victim's testimony, her brother testified that on one occasion, he saw the defendant straddling the victim who was lying on the couch

in the living room. The defendant screamed at him to go outside, and the brother left the room. Additionally, the victim's mother testified that on the date that the victim made her complaint to the police, she (the mother) and the defendant arrived home after an evening out to find three teenage boys asking for the victim. The mother asked the defendant to go and look for her. When the defendant found the victim and brought her home, the mother, who was very angry, spoke with the victim for about fifteen minutes. Thereafter, the victim left the home and went to the police station where she made her complaint. There was also fresh complaint testimony.

Testifying on his own behalf, the defendant denied the victim's allegations and related that she was angry about the discipline imposed upon her because it interfered with her relationships with boys. It was also the defendant's theory that the victim was engaged in sexual relations with two male teenagers and, therefore, had a motive to lie, that is, fear that her mother would discover that she had been with them.

To support this theory, the defendant filed a motion pursuant to G. L. c. 233, § 22B, in which he set out facts to show that the victim, on August 24, 1993, tested positive for chlamydia, a sexually transmitted disease, whereas his 1994 culture and 1995 serology tests were negative. Based upon those test results, the defendant wished to establish the defense that he could not have raped the victim without contracting chlamydia and that the victim's disease must have been the result of intercourse with one of two, if not both, male teenagers identified in the motion.

An evidentiary hearing was held on the motion, and the defendant called his physician to testify. Although the doctor was able to define chlamydia as a sexually transmitted disease and to explain, in general, the meaning of an incubation period, he had never treated a patient for chlamydia. As described by him, "[M]y practice is basically one of treating adult, elderly people, so my experience with sexually transmitted diseases is not very extensive." Rather, his testimony was based upon his recent reading about the disease, which indicated that someone who had been exposed to the disease and tested positive on August 24, 1993, would have to have been infected two to three weeks earlier.

a. *Exclusion of the doctor's testimony.* In ruling that the defendant's doctor could not testify before the jury, the trial judge stated that the doctor's knowledge about this disease was based entirely upon his readings and that he had insufficient experience in the area of this sexually transmitted disease to give any opinion concerning the incubation period, for what period of time the victim could have transmitted the disease, and the likelihood of transmission during that period. As put by the doctor, "When I reviewed the references that I had, I could not get any specific numbers as to how many people . . . who actually get exposed actually come down with the infection. I'm not sure that that kind of data is available." Although a diagnosis of chlamydia in the victim and a negative test result for the defendant could have been probative on the issue of sexual abuse, such evidence would have relevance only upon a showing that had the defendant abused the victim during a particular time period, he probably would have become infected with the disease. However, the expert's testimony offered nothing of probative value on these crucial points. See *Commonwealth* v. *Kirkpatrick,* 423 Mass. 436, 447-448, cert. denied, 519 U.S. 1015 (1996). Consequently, we cannot say that the trial

judge abused his discretion or committed other error of law in excluding the witness's testimony. See *Commonwealth* v. *United Books, Inc.*, 389 Mass. 888, 895-896 (1983).

b. *The victim's sexual history.* The defendant wished to offer evidence of the victim's relationships with teenage boys to show that she was biased and had a motive to lie, that is, that she was angry with the defendant who had discovered letters that she had written to the boys (which the defendant had destroyed) and that she fabricated the charges against the defendant to hide the existence of her relationships with these boys from her mother. The evidence presented to the jury shows that, notwithstanding the exclusion of evidence of any prior sexual history of the victim, the defendant was allowed to show the victim's hostility toward the defendant, her rebelliousness, and her conflict with her mother about her boyfriends. Our reading of the transcript leads us to conclude that all that need be said about this argument was set out in *Commonwealth* v. *Elder*, 389 Mass. 743, 749-751 (1983). See *Commonwealth* v. *Domaingue*, 397 Mass. 693, 700 (1986).

c. *Prior false accusation of rape.* Also excluded by the trial judge was testimony to be presented by two teenage boys that the victim previously had made a false accusation of rape against one of them. Where there are no third-party records to show that the victim even made a false accusation of rape and where her testimony against the defendant was neither inconsistent nor confused, it was not error to exclude this testimony. See *Commonwealth* v. *Bohannon*, 376 Mass. 90, 95 (1978); *Commonwealth* v. *Rathburn*, 26 Mass. App. Ct. 699, 709-710 (1988).

2. *Prior inconsistent statements.* We see no error in the trial judge's ruling that statements made by the victim to a social worker from the Department of Social Services (DSS) and to a health center nurse were not contradictory. On August 24, 1993, the victim told the nurse that she had no prior sexual activity. Previously, she had told the DSS social worker that she had had sexual relations with a teenage boy on August 18, 1993, a date subsequent to that comprehended by the indictments against the defendant. Considering the circumstances of the victim's statements, we think it apparent that her statement concerning a lack of sexual activity referred to the time *before* the incidents encompassed by the indictments, whereas her encounter with a teenage boy occurred *subsequent* to that time period. We see no error in the exclusion. See *Commonwealth* v. *Daye*, 393 Mass. 55, 73 n.16 (1984), quoting from *Commonwealth* v. *West*, 312 Mass. 438, 440 (1942), noting that a statement is inconsistent when, "taken as a whole, either by what it says or by what it omits to say, [it] affords some indication that the fact was different from the testimony of the witness."

3. *The closing argument.* Here the argument is, first, that the prosecutor shifted the burden of proof to the defendant, who testified at trial, by stating that the defendant could not explain the victim's fear, her failure to disclose, or what "she actually said to you." Assuming without deciding that the remarks should not have been made, we conclude that the trial judge's instructions to the jury (at both the beginning of the trial and its conclusion), taken with an appreciation for the jury's ability to understand that closing arguments are just an opportunity to advance the parties' conflicting positions and are not evidence, see *Commonwealth* v. *Kozec*, 399 Mass. 514, 517 (1987), were sufficient to cure any error in the prosecutor's statements. The prosecutor did not

argue that the defendant conformed his testimony to the Commonwealth's evidence, see *Commonwealth* v. *McCray*, 40 Mass. App. Ct. 936, 937 (1996), or that he fabricated his testimony to meet every detail of evidence presented against him. See *Commonwealth* v. *Person*, 400 Mass. 136, 139 (1987). The defendant's second claim, that the prosecutor recalled fresh complaint testimony as if it were substantive evidence, is refuted by the transcript of the argument.

*Judgments affirmed.*

*Kenneth G. Littman* for the defendant.

*James A. Janda*, Special Assistant District Attorney, for the Commonwealth.