**Frederick Wilbur MORGAN, III, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. A–7700.**

Court of Appeals of Alaska.

Sept. 27, 2002.

---

Michael D. Dieni, Assistant Public Defender, and Barbara K. Brink, Public Defender, Anchorage, for Appellant.

Kim S. Stone, Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and Bruce M. Botelho, Attorney General, Juneau, for Appellee.

Before: COATS, Chief Judge, and MANNHEIMER and STEWART, Judges.

*OPINION*

MANNHEIMER, Judge.

The defendant in this case was being tried for sexual assault. He asked the trial judge to allow him to introduce the testimony of several witnesses who purportedly were prepared to say that the complaining witness (the alleged victim) had twice previously made false accusations of sexual assault against other men. In *Covington v. State,* 703 P.2d 436, 441–42 (Alaska App.1985), we held that this type of evidence is admissible if, as a foundational matter, the defendant establishes the falsity of the prior accusations—"as, for example, where the charges somehow had been disproved or where the witness had conceded their falsity".

In this appeal, we are asked to clarify our holding in *Covington.* What exactly must a defendant prove when seeking to establish that an alleged sexual assault victim has made a prior false accusation of rape? And what is the burden of proof on this issue?

For the reasons explained here, we conclude that a defendant must convince the trial judge by a preponderance of the evidence (1) that the complaining witness made another accusation of sexual assault, (2) that this accusation was factually untrue, and (3) that the complaining witness knew that the accusation was untrue. The defendant can prove these elements through *voir dire* examination of the complaining witness or through presentation of extrinsic evidence— *i.e.,* documentary evidence or the testimony of witnesses having knowledge of the prior accusation.

The defendant must present this foundational evidence to the trial judge outside the presence of the jury. If the trial judge concludes that, more likely than not, the complaining witness made a knowingly false accusation of sexual assault on another occasion, then the defendant will be permitted to present this evidence to the jury.

*Underlying facts: Morgan's offer of proof and the trial judge's ruling*

Frederick Wilbur Morgan, Jr., was charged with engaging in sexual penetration

with T.F. while she was so intoxicated as to be incapacitated or unaware that a sexual act was occurring. Morgan defended this charge by asserting that T.F. had been fully aware of the sexual intercourse and had consented to it. In other words, he argued that T.F. was falsely accusing him of sexual assault.

In support of this defense, Morgan asked the trial judge to allow him to present the testimony of four witnesses who (according to Morgan's offer of proof) were prepared to say that T.F. had accused men of sexually assaulting her on two previous occasions, only to later concede that these accusations were false. The trial judge, Superior Court Judge Thomas M. Jahnke, ruled that Morgan's proposed evidence was barred by *Covington*.

As explained above, *Covington* states that this type of impeaching evidence is admissible only if "the charges somehow ha[ve] been disproved or where the witness ha[s] conceded their falsity".[1] Judge Jahnke interpreted this passage to mean that it was not enough for a defendant to present witnesses who would testify to the falsity of the prior accusations or who would testify that the complaining witness had recanted those accusations. Rather, Judge Jahnke concluded that *Covington* required Morgan to show either (1) that T.F. had "made [an] official concession that the charges were false by, for example, testifying under oath ... that they were false or conceding their falsity in a deposition or [in an] answer to an interrogatory"; or (2) that T.F.'s prior accusations "ha[d] been *adjudicated false* by a court or other neutral tribunal". (emphasis in Judge Jahnke's written order).

Based on this interpretation of *Covington*, Judge Jahnke refused to hear the testimony of Morgan's witnesses concerning T.F.'s alleged prior accusations of sexual assault. (The judge noted, however, that Morgan was still free to have these same witnesses present their opinion of T.F.'s character for honesty, so long as they did not go into specifics.

*See* Alaska Evidence Rules 404(a)(3), 405, and 608.)

Later, at trial, Judge Jahnke allowed Morgan's attorney to conduct what was essentially a *voir dire* examination of T.F. to see if she would concede (1) that she had previously accused the two other men of sexual assault and (2) that those prior accusations were false. But T.F. denied accusing these other men of sexual assault. In light of these answers, and given Judge Jahnke's earlier ruling, Morgan's attorney let the matter drop.

*The questions left unanswered by our decision in Covington*

In *Covington*, the defendant argued that he should have been allowed to present evidence suggesting that the complaining witness had falsely accused two other men of sexual abuse. The complaining witness agreed that she had accused the two men of abusing her, but she asserted that the accusations were true. Covington wanted to call one of the two men to the stand and have him deny the truth of the accusations.[2]

This Court noted that "[a] majority of the courts which have considered [this] issue permit such evidence[, but] only if the defendant makes a showing out of the presence of the jury that the witness'[s] prior allegations of sexual assault were false".[3] We then declared that we would "adopt this rule for Alaska".[4]

The problem is that, even though a majority of states allow a defendant to raise the issue of a complaining witness's prior false accusations under certain circumstances, there is no "majority rule" concerning this evidence. Our sibling states rely on several different theories to justify allowing a defendant to inquire or present evidence concerning the complaining witness's prior accusations—and the scope of the permitted inquiry varies from state to state, depending on that state's legal rationale for allowing the inquiry.

---

**1.** *Covington,* 703 P.2d at 442.

**2.** *See id.,* 703 P.2d at 441–42.

**3.** *Id.* at 442.

**4.** *Id.*

*(a) Can a defendant introduce extrinsic evidence of a complaining witness's prior false accusations?*

■ The court decisions in this area focus on two potential legal impediments to a defendant's right to introduce evidence of prior false accusations. The first impediment is the rule embodied in Alaska Evidence Rules 405 and 608: the prohibition against attacking a witness's character for honesty by presenting proof of specific instances in which the witness has acted dishonestly. The second impediment is the rule that a party is not allowed to introduce extrinsic evidence to impeach a witness's answers on cross-examination regarding collateral matters (such as the witness's possible acts of dishonesty on other occasions).[5]

Adhering to these rules, the courts of New Mexico and Maryland allow a defendant to *cross-examine* the complaining witness about potentially false prior accusations, but these states bar the defendant from presenting extrinsic evidence to rebut or impeach the complaining witness's answers.[6] Massachusetts appears to follow this same rule. Moreover, Massachusetts restricts the defendant's right of cross-examination to cases in which the complaining witness's testimony is confused or improbable, there is no corroboration, and the defendant produces evidence of a series or pattern of false accusations of the same type of sexual misconduct.[7]

Other courts have answered these potential objections by holding that, when a defendant is on trial for sexual assault, the complaining witness's prior false complaints of sexual assault constitute a special kind of prior falsehood that has particular relevance above and beyond the fact that it may indicate the witness's general character for dishonesty.[8] In these states, a defendant may both cross-examine the complaining witness and present extrinsic evidence of prior false accusations if the complaining witness denies having made them.[9]

This result appears to be consistent with the common-law doctrine that a party could present evidence of a witness's "corruption"—a term that encompassed evidence of (1) the witness's general willingness to lie under oath, (2) the witness's offer to give false testimony for money or other reward, (3) the witness's acknowledgement of having lied under oath on prior occasions, (4) the witness's attempt to bribe another witness, or (5) the witness's pattern of presenting false legal claims.[10] Dean Wigmore concedes that the precise theoretical foundation of this sort of impeachment is "not easy to determine" because, he says, the impeachment "is related in one aspect to interest, in another to bias, in still another to character (*i.e.*, involving a lack of moral integrity)". Despite this ambiguity, Wigmore concludes that "the essential discrediting element" of the impeachment was its relevance to proving the witness's willingness to corrupt the legal process—the witness's "willingness to obstruct

---

**5.** See *Worthy v. State,* 999 P.2d 771, 774 (Alaska 2000): "As a general rule, contradictory evidence may not be admitted if it relates to a collateral matter. If a matter is considered collateral, the testimony of the witness on direct or cross-examination stands—the examiner must take the witness's answer. If the matter is not collateral, extrinsic evidence may be introduced disputing the witness's testimony on direct or cross-examination."

**6.** See *State v. Scott,* 113 N.M. 525, 828 P.2d 958, 963 (App.1991); *State v. Cox,* 298 Md. 173, 468 A.2d 319, 323–24 (1983).

**7.** See *Commonwealth v. Bohannon,* 376 Mass. 90, 378 N.E.2d 987, 991 (1978); *Commonwealth v. Barresi,* 46 Mass.App.Ct. 907, 705 N.E.2d 639, 641 (1999); *Commonwealth v. Nichols,* 37 Mass. App.Ct. 332, 639 N.E.2d 1088, 1090 (1994);

*Commonwealth v. Hicks,* 23 Mass.App.Ct. 487, 503 N.E.2d 969, 972 (1987); *Commonwealth v. Blair,* 21 Mass.App.Ct. 625, 488 N.E.2d 1200, 1202–03 (1986).

**8.** See, e.g., *State v. Anderson,* 211 Mont. 272, 686 P.2d 193, 199–200 (1984).

**9.** See *Smith v. State,* 259 Ga. 135, 377 S.E.2d 158, 160 (1989); *People v. McClure,* 42 Ill.App.3d 952, 1 Ill.Dec. 617, 356 N.E.2d 899, 901 (1976); *Little v. State,* 413 N.E.2d 639, 643 (Ind.App. 1980); *Beck v. State,* 824 P.2d 385, 388–89 (Okla. Crim.App.1991); *State v. Izzi,* 115 R.I. 487, 348 A.2d 371, 372–73 (1975); *Miller v. State,* 105 Nev. 497, 779 P.2d 87, 89–90 (1989).

**10.** See John Henry Wigmore, *Evidence in Trials at Common Law* (Chadbourn rev'n 1970), §§ 956–964, Vol. 3A, pp. 802–812.

the discovery of the truth by manufacturing or suppressing testimony".[11]

But the common-law rules of evidence have been superseded in most American jurisdictions by evidence codes modeled after the Federal Rules of Evidence, and not all courts believe that the common-law doctrine of impeachment for "corruption" has survived the enactment of these evidence codes. For example, the Texas Court of Criminal Appeals concluded that the practice of allowing a complaining witness to be impeached by evidence of prior false accusations "cannot easily be squared with the dictates of [Evidence] Rule 608(b)"—the rule that prohibits a party from attacking a witness's character for honesty by presenting evidence of specific instances in which the witness has acted dishonestly.[12]

Nevertheless, even these courts allow sexual assault defendants to delve into a complaining witness's prior false accusations when the circumstances are particularly compelling. Thus, the Texas court, the Oregon Supreme Court, and the Kansas Court of Appeals have concluded that, despite the prohibition contained in their counterparts to Evidence Rule 608, the confrontation clause of the Constitution requires this kind of impeachment if the evidence of the complaining witness's fabrication is strong enough.[13]

We believe that this confrontation-clause rationale is, at its core, simply a restatement of the principle that, in sexual assault prosecutions, a complaining witness's prior false accusation of sexual assault can indeed have a special relevance—a relevance that removes this evidence from the normal ban on attacking a witness's general character for honesty through the use of specific instances of dishonesty. Thus, the confrontation-clause states effectively reach the same conclusion as the states which interpret their evidence rules to allow this type of impeachment: when there is strong evidence that the complaining witness has falsely accused others of sexual assault, this evidence is admissible.

■ We therefore clarify our decision in *Covington:* if the defendant proves that a complaining witness has made prior false accusations of sexual assault (under the rules explained in the next section of this opinion), the defendant is not limited to cross-examining the complaining witness concerning these prior accusations. Rather, the defendant can both cross-examine the complaining witness and present extrinsic evidence on this point.

### (b) What is the defendant's foundational burden of proof?

This brings us to the question: how does a defendant prove that a complaining witness has made false accusations of sexual assault? Again, there is no "majority rule" on this issue, even among the states that allow defendants to present extrinsic evidence of a complaining witness's false accusations.

Louisiana and Wisconsin have perhaps the most wide-open rule. The Louisiana Supreme Court has declared that this issue is governed by Louisiana's counterpart to Alaska Evidence Rule 104(b).[14] Thus, a Louisiana court will allow a defendant to introduce evidence tending to show that a complaining witness has made prior false accusations if the defendant merely offers "evidence sufficient to support [this] finding"—evidence from which a jury might reasonably conclude that the complaining witness had made a false accusation.[15] The Wisconsin Supreme Court has reached this same conclusion.[16]

---

11. *Wigmore,* § 956, Vol. 3A, pp. 802–03.

12. *Lopez v. State,* 18 S.W.3d 220, 225 (Tex.Crim. App.2000).

13. *See Lopez* 18 S.W.3d at 225; *State v. Nab,* 245 Or. 454, 421 P.2d 388, 390–91 (1966); *State v. Barber,* 13 Kan.App.2d 224, 766 P.2d 1288, 1289–90 (1989).

14. Alaska Evidence Rule 104(b) states: "When the relevancy of evidence depends upon the ful-

fillment of a condition of fact, the court shall admit it upon, or subject to, the introduction of evidence sufficient to support a finding of the fulfillment of the condition."

15. *State v. Smith,* 743 So.2d 199, 203 (La.1999), citing *Huddleston v. United States,* 485 U.S. 681, 690, 108 S.Ct. 1496, 1501, 99 L.Ed.2d 771 (1988).

16. *See State v. DeSantis,* 155 Wis.2d 774, 456 N.W.2d 600, 606–07 (1990).

The Oregon rule of admissibility is somewhat stricter, but again judges are instructed not to resolve the disputed issue themselves. Rather, they are to let the defendant litigate the issue to the jury if there is "substantial evidence" that the prior accusation was false, and if the probative value of this evidence is not outweighed by the risk of unfair prejudice created by litigating this issue.[17]

In contrast to Louisiana, Wisconsin, and Oregon, other states require their trial judges to be more active "gate-keepers". In these states, the impeaching evidence is admissible only if the defendant first convinces *the trial judge*—sitting as a preliminary finder of fact—that (1) the complaining witness made another complaint of sexual assault, (2) this complaint was untrue, and (3) the complaining witness knew that the complaint was untrue.

The courts use various phrases to describe the requisite showing of falsity; indeed, you will find different wording even among decisions from the same jurisdiction. Some courts require proof of "actual falsity" [18] or a "reasonable probability of falsity" [19]; other courts require proof that the accusation is "demonstrably false" [20] or "convincingly false" [21].

■ But despite these variations, all of these courts subscribe to the same underlying principle: It is not sufficient for the defendant to show that the prior accusation is "arguably false" [22] or that the matter is reasonably debatable. Rather, the defendant will not be allowed to present this matter to the jury unless the defendant first convinces

the trial judge that the complaining witness has knowingly made a false complaint of sexual assault. This is the approach we adopted in *Covington*[23], and we reaffirm it here.

But what exactly must a defendant prove to establish the falsity of the complaining witness's prior accusation? In *Covington*, we stated that it was the defendant's burden to prove "that the witness'[s] prior allegations of sexual assault were false, as, for example, where the charges somehow had been disproved or where the witness had conceded their falsity".[24] The trial judge in the present case interpreted this language to mean that there are only two methods of proof available to a defendant, and both of these methods require formal litigation. The judge ruled that the *Covington* test could be met only by proof that the complaining witness has conceded, under oath, that the accusation was false, or by proof that a court has formally adjudicated the accusation to be false.

■ We conclude that this is too narrow a reading of *Covington*. Unless the person named in the prior accusation brought and won a slander suit against the complaining witness, or unless the prior false accusation eventually led to the complaining witness's conviction for perjury, it will be rare that a tribunal will have directly adjudicated the truth or falsity of a prior accusation. If the accusation led to a criminal prosecution and the defendant was acquitted, this proves only that the jury had a reasonable doubt concerning the truth of the accusation.[25] In-

**17.** *See State v. LeClair,* 83 Or.App. 121, 730 P.2d 609, 613–16 (1986).

**18.** *State v. Hutchinson,* 141 Ariz. 583, 688 P.2d 209, 212–13 (App.1984).

**19.** *Smith v. State,* 259 Ga. 135, 377 S.E.2d 158, 160 (1989); *State v. Barber,* 13 Kan.App.2d 224, 766 P.2d 1288, 1290 (1989); *Clinebell v. Commonwealth,* 235 Va. 319, 368 S.E.2d 263, 266 (1988).

**20.** *State v. Superior Court,* 154 Ariz. 624, 744 P.2d 725, 730–31 (App.1987), *disapproved on other grounds by State v. Getz,* 189 Ariz. 561, 944 P.2d 503, 506–07 (1997); *Little v. State,* 413 N.E.2d 639, 643 (Ind.App.1980); *State v. Anderson,* 211 Mont. 272, 686 P.2d 193, 199–200

(1984); *State v. Kringstad,* 353 N.W.2d 302, 311 (N.D.1984).

**21.** *Hughes v. Raines,* 641 F.2d 790, 792 (9th Cir.1981); *State v. Kringstad,* 353 N.W.2d 302, 311 (N.D.1984).

**22.** *State v. Kringstad,* 353 N.W.2d 302, 311 (N.D. 1984).

**23.** *See Covington,* 703 P.2d at 442.

**24.** *Id.* at 442.

**25.** *See United States v. Watts,* 519 U.S. 148, 155, 117 S.Ct. 633, 637, 136 L.Ed.2d 554 (1997); *Dowling v. United States,* 493 U.S. 342, 359–360, 110 S.Ct. 668, 678, 107 L.Ed.2d 708 (1990).

deed, courts from other states have ruled that not even the dismissal of a criminal prosecution at preliminary hearing—*i.e.*, dismissal for lack of probable cause—is sufficient to establish the necessary foundational proof of falsity, since such dismissals can occur for reasons unrelated to the credibility of the complaining witness.[26]

The other suggested method of proof—formal concession, under oath, that the prior accusation was false—leaves a defendant at the mercy of the complaining witness's conscience. Even when there is overwhelming evidence that a prior accusation was false, there will be times when the complaining witness will not concede this point. Moreover, even when the complaining witness has recanted under oath, this will not always resolve the true factual question: was the prior accusation actually false?

The distinction between recantation and actual falsity is highlighted in *State v. Mac-Donald*, 131 Idaho 367, 956 P.2d 1314 (App. 1998). The defendant in *MacDonald* was charged with rape. He wished to present evidence that when the complaining witness was a teenager, she had accused her adoptive father of sexual abuse but later formally recanted the charge.[27] When the trial judge held a hearing on this matter, the complaining witness admitted that she had recanted the charge against her adoptive father, but she explained that she had done so only because of her family situation, and she declared that the charge had in fact been true.[28]

On this record, the Idaho Court of Appeals upheld the trial judge's decision to exclude evidence of the complaining witness's recantation. The appellate court concluded that the trial judge's decision was a valid exercise of discretion under Evidence Rule 403, since the probative value of the recantation was questionable and was outweighed by the risk of unfair prejudice and confusion of issues.[29]

In other words, a complaining witness's recantation is conclusive of the falsity of the prior accusation only when the validity of the recantation is not disputed.

For these reasons, we conclude that the trial judge in the present case did not construe *Covington* correctly. *Covington* refers to recantations and prior adjudications as *examples* of how the falsity of a prior accusation might be proved, but the true issue—the question to be resolved by the trial judge—is whether the prior accusation was actually and knowingly false. We conclude that a defendant is entitled to rely on normal evidentiary methods—the presentation of witnesses, documents, and physical evidence—to prove this point to the trial judge at the foundational hearing.

One final issue must be resolved: what standard of proof must the defendant meet when presenting the foundational proof that a complaining witness's prior accusation was knowingly false?

We have already rejected the approach taken by Louisiana, Wisconsin, and Oregon—states that require the defendant to prove only that the falsity of the accusation is reasonably debatable. We also agree with other jurisdictions who hold that the alleged perpetrator's denial of the prior accusation is not sufficient, in itself, to establish the falsity of the accusation.[30] Indeed, this was the offer of proof that the defendant made in *Covington*, and we held that this offer of proof was insufficient, as a matter of law, "[to] establish the falsity of the alleged prior complaints".[31]

This leaves us with a choice between two burdens of proof: proof by a preponderance of the evidence, and proof by clear and convincing evidence.

As the Supreme Court of Hawai'i recently noted, "courts have varied widely with re-

---

26. *See State v. Hutchinson*, 141 Ariz. 583, 688 P.2d 209, 213 (App.1984); *People v. Alexander*, 116 Ill.App.3d 855, 72 Ill.Dec. 338, 452 N.E.2d 591, 595 (1983).

27. *MacDonald*, 956 P.2d at 1315–16.

28. *Id.* at 1316–17.

29. *Id.* at 1318.

30. *See United States v. Withorn*, 204 F.3d 790, 795 (8th Cir.2000); *State v. Anderson*, 211 Mont. 272, 686 P.2d 193, 200 (1984).

31. *Covington*, 703 P.2d at 442.

spect to the standard of proof required" to establish the foundational showing of falsity.[32] Based on its own prior decisions involving foundational proof, the Hawai'i court concluded that the proper burden of proof was preponderance of the evidence.[33] Other states use a preponderance standard too.[34]

We acknowledge that some courts require "convincing" evidence of falsity, in order to make sure that juries are not distracted by debatable and possibly collateral information.[35]

■ Having considered this matter, we adopt "preponderance of the evidence" as the standard of proof that a defendant must meet when seeking to prove (as a foundational matter under *Covington*) that the complaining witness has made a prior knowingly false accusation of sexual assault. If we were to adopt the "some evidence" test used in Louisiana and Wisconsin, a test which merely requires sufficient evidence to put the matter in doubt, then we would be encouraging trials within trials, and we would also throw open the doors to debates about a complaining witness's sexual history based on dubious evidence. We note that "preponderance of the evidence" is the foundational standard commonly used in Alaska to determine similar questions of admissibility or exclusion.[36] We also note that if we adopted the "clear and convincing evidence" standard, we would require trial judges to exclude evidence of a complaining witness's prior accusations of sexual assault even after the judge had concluded that those prior accusations were probably false. For these reasons, we conclude that "preponderance of the evidence" is the proper standard of proof.

If, based on the defendant's evidence at the foundational hearing, the trial judge concludes that the defendant has demonstrated by a preponderance of the evidence that the complaining witness made a knowingly false accusation of sexual assault on another occasion, then the trial judge shall allow the defendant to present this evidence to the jury. If, on the other hand, the defendant fails to meet this standard of proof—either with respect to whether the complaining witness made the prior accusation, or with respect to whether that accusation was know-

32. *State v. West*, 95 Hawai'i 452, 24 P.3d 648, 655 (2001).

33. *Id.* at 656.

34. *See Miller v. State*, 105 Nev. 497, 779 P.2d 87, 90 (1989).

35. *See State v. White*, 145 N.H. 544, 765 A.2d 156, 159 (2000); *State v. Johnson*, 102 N.M. 110, 692 P.2d 35, 43 (App.1984); *Hughes v. Raines*, 641 F.2d 790, 792 (9th Cir.1981); *see also Clinebell v. Commonwealth*, 235 Va. 319, 368 S.E.2d 263, 266 (1988) (holding that, because two of the complaining witness's claims were "patently untrue", there was a "reasonable probability" that two other accusations made by her were false as well).

36. The foundational facts required to establish the admissibility of a co-conspirator's statement must be proved to the trial judge by a preponderance of the evidence. *Arnold v. State*, 751 P.2d 494, 502 (Alaska App.1988).

The government must prove the voluntariness of a defendant's confession by a preponderance of the evidence. *John v. State*, 35 P.3d 53, 62 (Alaska App.2001).

False statements in an affidavit supporting a search warrant must be struck unless the State shows, by a preponderance of the evidence, that the statements were not made intentionally or with reckless disregard for the truth. *State v. Malkin*, 722 P.2d 943, 946 (Alaska 1986); *Wallace v. State*, 933 P.2d 1157, 1163 (Alaska App. 1997).

The state bears the burden of proving the validity of a *Miranda* waiver by a preponderance of the evidence. *State v. Ridgely*, 732 P.2d 550, 554–55 (Alaska 1987).

But compare *Reutter v. State*, 886 P.2d 1298, 1307–08 (Alaska App.1994), where the court rejected the "preponderance of the evidence" standard and held that the government must prove its foundational facts by clear and convincing evidence when it seeks to have a child victim in a sexual abuse case testify outside the presence of the defendant pursuant to AS 12.45.046:

Given the constitution's express protection of confrontation as an individual right of the accused, and ... [b]ecause of the integral role confrontation plays in the adjudication of innocence and guilt, and its direct bearing on the integrity of fact-finding at trial, ... any risk of error in balancing the individual right against the countervailing public interest must fall on the side of protecting the innocent from an unjust conviction.... [T]he preponderance of the evidence standard cannot provide such protection, and no dilution of the right to confrontation should be permitted without an express finding that the requirements of AS 12.45.046 ... have been met by clear and convincing evidence.

ingly false—then the defendant's evidence will not be admissible.

(On appeal, an appellate court will not disturb the trial judge's resolution of this question unless the trial judge's finding is clearly erroneous.[37])

### Conclusion

■ In the present case, the trial judge declined to hear the testimony of Morgan's four witnesses who were purportedly ready to assert that T.F. had made knowingly false accusations of sexual assault in the past. This was error. The trial judge should have heard Morgan's witnesses and then decided whether Morgan had shown by a preponderance of the evidence that T.F. had made knowingly false accusations of sexual assault. We therefore remand this case to the superior court so that this foundational hearing can be held.[38]

If Morgan proves that T.F. made knowingly false accusations of sexual assault, then the trial judge should re-determine Morgan's guilt in light of this evidence. (Morgan was tried by the court sitting without a jury.) If, however, Morgan fails to meet this burden of proof, then the superior court should affirm Morgan's conviction.

COATS, Chief Judge, concurring.

This case raises the issue of whether a defendant in a sexual assault case can present evidence that the person who is accusing him of the sexual assault has made a prior false claim of sexual assault.

If a sexual assault victim has previously falsely accused another person of sexually assaulting her, this evidence can be probative to call the current accusation into question. This is why, if the prior false accusation can be proven, it is generally admissible.[1] But in the real world, unless the alleged victim admits the false prior accusation, it is frequently difficult to establish that the alleged victim has previously made a false accusation. We would expect someone who is accused of sexual assault to deny that the sexual assault occurred. Even if the prior sexual assault went to trial and the defendant was acquitted, all this proves is that the jury had a reasonable doubt that the sexual assault occurred. It does not prove that the defendant was factually innocent or the alleged victim made a false accusation. Therefore, cases such as *Covington v. State*,[2] place a substantial burden on the defendant who wishes to establish that the alleged victim has made a prior false accusation. The evidence in support of the contention that the alleged victim made a prior false accusation raises the specter that the trial court could be faced with trying another sexual assault case within the current sexual assault trial. In my view, cases such as *Covington* reflect the policy embodied in Alaska Evidence Rule 403 (that courts should not admit evidence unless the probative value of the evidence outweighs the danger of unfair prejudice). In many instances, evidence that the victim has previously made a false charge of a sexual assault will be inconclusive and probative value of this evidence will generally be outweighed by the danger of unfair prejudice.

But Morgan's case departs from the general problem courts face when a defendant offers to present evidence that an alleged victim has made a prior false accusation of sexual assault. In this case, the alleged victim, T.F., admitted that she had consensual intercourse with R.R. and C.B. She testified that she never accused these two men of sexually assaulting her and admitted that if she reported that R.R. and C.B. had sexually assaulted her, those statements would be false. Morgan wanted to present the testimony of four witnesses who would testify

---

37. *State v. West*, 95 Hawai'i 452, 24 P.3d 648, 657 (2001).

38. *See People v. Sheperd*, 37 Colo.App. 336, 551 P.2d 210, 212–13 (1976); *Shelton v. State*, 196 Ga.App. 163, 395 S.E.2d 618, 620 (1990) (holding that when the trial judge has erroneously refused to hear the defendant's evidence of a possibly false accusation, the remedy is to give the defendant the opportunity to present the evidence).

1. *See Covington v. State*, 703 P.2d 436, 441–42 (Alaska App.1985).

2. 703 P.2d 436.

that T.F. had made statements that R.R. and C.B. had sexually assaulted her.

According to Morgan's offer of proof, the prior acts of intercourse and the allegedly false charges occurred within a few months of the current charges. So, if T.F. made the false statements, the statements were relatively contemporaneous with her report that Morgan sexually assaulted her.

If T.F. falsely accused others of sexual assault within a few months of the current incident, this evidence would be probative in evaluating T.F.'s credibility. And, this case does not raise the difficult problems that occur when an alleged victim claims that she was previously sexually assaulted and the perpetrator denies that the assault occurred. Here, T.F. concedes that she was not sexually assaulted. The only question is whether she made the false accusations.

It is certainly not clear whether T.F. made prior false allegations of sexual assault. The State argues that Morgan's witnesses were friends of his and that they were lying. But whether Morgan's witnesses were credible or not is the kind of question that fact finders deal with on a regular basis. And, because this case was a bench trial, I fail to see how allowing Morgan to present this evidence could be unduly prejudicial.

Accordingly, I concur that we should remand the case to Judge Jahnke. On remand, Morgan should be permitted to present his evidence that T.F. had previously made false accusations of sexual assault. Judge Jahnke should then reevaluate the evidence in the case and redetermine his verdict.