# Syllabus

Chief Justice:
Elizabeth T. Clement

Justices:
Brian K. Zahra
David F. Viviano
Richard H. Bernstein
Megan K. Cavanagh
Elizabeth M. Welch
Kyra H. Bolden

**This syllabus constitutes no part of the opinion of the Court but has been prepared by the Reporter of Decisions for the convenience of the reader.**

Reporter of Decisions:
Kathryn L. Loomis

PEOPLE v BUTLER

Docket No. 165162. Argued on application for leave to appeal January 11, 2024. Decided March 25, 2024.

Karl D. Butler was charged in the Kalamazoo Circuit Court with five counts of first-degree criminal sexual conduct and one count of first-degree home invasion that arose from an alleged sexual assault on the complainant, KQ, in 2009. Defendant admitted to engaging in sexual activity with KQ but maintained that it was consensual. Defendant moved for admission of evidence regarding a previous sexual-assault allegation that KQ had made against two individuals in November 2008, a few months before the alleged assault in this case. Defendant argued that the 2008 allegation was false and, therefore, evidence regarding the allegation was admissible at trial. The prosecution opposed admission, arguing that the evidence was barred by the rape-shield statute, MCL 750.520j. The trial court, Pamela L. Lightvoet, J., initially denied defendant's motion. Defendant filed a renewed motion, arguing that the trial court should conduct an *in camera* review of his offer of proof, which consisted primarily of the police report concerning KQ's 2008 allegations and police reports from follow-up interviews conducted in 2019. Those reports contained statements from the two individuals that KQ had accused of sexual assault in November 2008. In each statement, the individuals—who were not charged with any crimes following the police investigation—described the details of the sexual encounter with KQ and asserted that the encounter was consensual. Defendant sought to introduce testimony from those individuals, from the investigating police officers, and from two other individuals. After reviewing the documents, the trial court held a hearing on defendant's renewed motion to admit the evidence but did not conduct an *in camera* evidentiary hearing. The trial court granted the motion and held that it would allow testimony from certain individuals, stating that its final determination regarding the admissibility of specific testimony would be made at trial "depend[ing] on what the testimony is . . . ." The prosecution sought leave to appeal in the Court of Appeals, and the Court of Appeals granted the application. In an unpublished per curiam opinion issued on September 22, 2022 (Docket Nos. 359847, 359848, and 359849), the Court of Appeals, GADOLA, P.J., and CAVANAGH and K. F. KELLY, JJ., reversed the trial court's decision, holding that the trial court abused its discretion by granting defendant's motion. Defendant sought leave to appeal in the Supreme Court, and the Supreme Court ordered oral argument on the application. 511 Mich 963 (2023).

In a unanimous per curiam opinion, the Supreme Court, in lieu of granting leave to appeal, *held*:

MCL 750.520j generally excludes evidence of a rape victim's prior sexual conduct with others as well as the rape victim's sexual reputation when offered to prove that the conduct at issue in the case was consensual or for general impeachment. However, in certain limited situations, such as when a complainant has made false accusations of rape in the past, the admission of such evidence may be required to preserve a defendant's constitutional right to confrontation. *People v Hackett*, 421 Mich 338 (1984), outlines the procedure for a trial court to employ when evaluating the admissibility of evidence of the complainant's prior sexual conduct: the defendant must make an offer of proof as to the proposed evidence and demonstrate its relevance to the purpose for which it is sought to be admitted. If the defendant makes a sufficient offer of proof, the trial court shall order an *in camera* evidentiary hearing to determine the admissibility of such evidence. At this hearing, the trial court has the responsibility to restrict the scope of cross-examination to prevent questions that would harass, annoy, or humiliate sexual-assault victims and to guard against mere fishing expeditions. In this case, the trial court's decision to allow certain testimony regarding the alleged false accusations to be admitted at trial was construed as an implicit conclusion that defendant's offer of proof was sufficient to require an *in camera* evidentiary hearing under *Hackett*. The trial court did not err by coming to this conclusion, but the trial court erred by failing to make an explicit finding on this point. There must be a showing of at least some apparently credible and potentially admissible evidence that the prior allegation was false. In this case, the accused individuals' and other witnesses' statements made to the police during the 2008 investigation and the 2019 follow-up interviews provided at least some apparently credible and potentially admissible evidence that the prior allegations were false. Accordingly, the Court of Appeals erred to the extent it held that defendant's offer of proof was insufficient. Because the offer of proof was sufficient, the trial court erred by failing to conduct an *in camera* evidentiary hearing before granting admission of the evidence, and the Court of Appeals erred by analyzing the ultimate question of admissibility without requiring the trial court to conduct an evidentiary hearing. Once a sufficient offer of proof is made, the *in camera* evidentiary hearing is not optional. Accordingly, the decisions of the Kalamazoo Circuit Court and the Court of Appeals were vacated, and this case was remanded to the Court of Appeals. The Court of Appeals was instructed to retain jurisdiction and remand the case to the Kalamazoo Circuit Court for an *in camera* evidentiary hearing under *Hackett*. The Court of Appeals was further instructed to direct the trial court to determine the appropriate standard of proof for the admissibility of evidence of prior false allegations of sexual assault by the complainant; conduct an *in camera* evidentiary hearing to determine whether defendant presents sufficient proof of the falsity of the 2008 allegations at the evidentiary hearing to warrant admission of the evidence at trial in this case; and, if necessary, make a preliminary determination as to whether, and the extent to which, the evidence is otherwise admissible under the rules of evidence.

Vacated and remanded.

# OPINION

Chief Justice:
   Elizabeth T. Clement

Justices:
Brian K. Zahra
David F. Viviano
Richard H. Bernstein
Megan K. Cavanagh
Elizabeth M. Welch
Kyra H. Bolden

FILED March 25, 2024

STATE OF MICHIGAN

SUPREME COURT

PEOPLE OF THE STATE OF MICHIGAN,

     Plaintiff-Appellee,

v

No. 165162

KARL DERELL BUTLER,

     Defendant-Appellant.

BEFORE THE ENTIRE BENCH

PER CURIAM.

In this interlocutory appeal, the issue is whether the Court of Appeals erred by concluding that defendant's proffered evidence regarding prior accusations of rape is inadmissible at trial under *People v Hackett*, 421 Mich 338; 365 NW2d 120 (1984). We hold that the Court of Appeals erred by analyzing the admissibility of defendant's proffered evidence without first ordering the trial court to conduct the *in camera* evidentiary hearing required by *Hackett*.

## I. FACTS AND PROCEDURAL HISTORY

Defendant, Karl Derell Butler, and his two codefendants are charged with five counts of first-degree criminal sexual conduct and one count of first-degree home invasion, arising from an alleged sexual assault on the complainant, KQ, in 2009. Defendant admits to engaging in sexual activity with KQ but maintains that it was consensual.

Defendant and his codefendants moved for admission of evidence regarding a previous sexual assault allegation that KQ had made against two individuals in November 2008, a few months before the alleged assault in this case. Defendant argued that the 2008 allegation was false and, therefore, evidence regarding the allegation is admissible at trial. The prosecution opposed admission, arguing that the evidence is barred by the rape-shield statute, MCL 750.520j. The trial court initially denied defendant's motion. Defendant then filed a renewed motion, arguing that the trial court should conduct an *in camera* review of his offer of proof, which consisted primarily of the police report concerning KQ's 2008 allegations and police reports from follow-up interviews conducted in 2019. Those reports contained statements from the two individuals that KQ had accused of sexual assault in November 2008. In each statement, the individuals—who were not charged with any crimes following the police investigation—described the details of the sexual encounter with KQ and asserted that the encounter was consensual. Defendant sought to introduce testimony from those individuals, from the investigating police officers, and from two other individuals who were present during the immediate aftermath of the alleged 2008 assault and who allegedly asserted that KQ had previously made false allegations of rape. The prosecution agreed that the police reports could be reviewed as an offer of proof.

2

After reviewing the documents, the trial court held a hearing on defendant's renewed motion to admit the evidence but did not conduct an *in camera* evidentiary hearing. It then granted the motion and held that it would allow testimony from certain individuals, including the two individuals that KQ alleged had assaulted her in 2008. The trial court stated that its final determination regarding the admissibility of specific testimony would be made at trial "depend[ing] on what the testimony is . . . ." The prosecution sought leave to appeal in the Court of Appeals. The Court of Appeals granted the application and reversed the trial court's decision, holding that the trial court abused its discretion by granting defendant's motion.

## II. STANDARD OF REVIEW

This Court reviews evidentiary decisions for an abuse of discretion. See *People v Layher*, 464 Mich 756, 761; 631 NW2d 281 (2001). "The trial court's decision on close evidentiary questions cannot 'by definition' be an abuse of discretion." *Id*. (citation omitted). However, a trial court's construction of a statute, such as the rape-shield statute, and interpretation of constitutional issues, such as the right to confrontation, are questions of law that are reviewed de novo. See *People v Propp*, 508 Mich 374, 383; 976 NW2d 1 (2021); *People v Elliott*, 494 Mich 292, 301; 833 NW2d 284 (2013).

## III. ANALYSIS

We assume, without deciding, that the procedure outlined in *Hackett*, 421 Mich 338, applies to this case.[1] In *Hackett*, we observed that MCL 750.520j generally excludes

---

[1] Because defendant has not contested in this Court the applicability of MCL 750.520j and *Hackett*, we need not specifically decide whether either the statute or broader constitutional

3

"evidence of a rape victim's prior sexual conduct with others, and sexual reputation, when offered to prove that the conduct at issue was consensual or for general impeachment . . . ." *Hackett*, 421 Mich at 347-348. But the Court recognized "that in certain limited situations, such evidence may not only be relevant, but its admission may be required to preserve a defendant's constitutional right to confrontation." *Id*. at 348. As one such example, we noted that "the defendant should be permitted to show that the complainant has made false accusations of rape in the past." *Id*. The *Hackett* Court further observed that "[t]he determination of admissibility is entrusted to the sound discretion of the trial court." *Id*. at 349.

Next, this Court set forth the procedure for the trial court to employ when evaluating the admissibility of evidence of the complainant's prior sexual conduct:

> The defendant is obligated initially to make an offer of proof as to the proposed evidence and to demonstrate its relevance to the purpose for which it is sought to be admitted. Unless there is a sufficient showing of relevancy in the defendant's offer of proof, the trial court will deny the motion. If there is a sufficient offer of proof as to a defendant's constitutional right to confrontation, as distinct simply from use of sexual conduct as evidence of character or for impeachment, the trial court *shall order* an *in camera* evidentiary hearing to determine the admissibility of such evidence in light of the constitutional inquiry previously stated. At this hearing, the trial court has, as always, the responsibility to restrict the scope of cross-examination to prevent questions which would harass, annoy, or humiliate sexual assault victims and to guard against mere fishing expeditions. Moreover, the trial court continues to possess the discretionary power to exclude relevant evidence offered for any purpose where its probative value is substantially outweighed by the risks of unfair prejudice, confusion of issues, or misleading the jury. [*Id*. at 350-351 (emphasis added; citation omitted).]

---

considerations outlined in *Hackett* apply to evidence that KQ has made false accusations of rape in the past.

4

Finally, the Court again emphasized that "in ruling on the admissibility of the proffered evidence, the trial court should rule against the admission of evidence of a complainant's prior sexual conduct with third persons unless that ruling would unduly infringe on the defendant's constitutional right to confrontation." *Id*. at 351.

We construe the trial court's decision in this case to allow certain testimony regarding the alleged false allegations to be admitted at trial as implicitly concluding that defendant's offer of proof was sufficient to require an *in camera* evidentiary hearing under *Hackett*. We conclude that the trial court did not err by coming to this conclusion, although we stress that the trial court erred by failing to make an explicit finding on this point. As the Court of Appeals has observed, "[A]n offer of proof 'serves the dual purpose of informing the trial court of the nature and purpose of the evidence sought to be introduced, and of providing a basis for the appellate court to decide whether to sustain the trial court's ruling.' " *Detroit v Detroit Plaza Ltd Partnership*, 273 Mich App 260, 291; 730 NW2d 523 (2006), quoting 1 Longhofer, Michigan Court Rules Practice, Evidence, § 103.4, p 26. As noted above, in *Hackett*, we stated that in conducting the evidentiary hearing, "the trial court has . . . the responsibility . . . to guard against mere fishing expeditions." *Hackett*, 421 Mich at 350-351. This observation also informs a trial court's decision whether a sufficient offer of proof has been made to necessitate an evidentiary hearing under *Hackett*. There must be a showing of at least some apparently credible and potentially admissible evidence that the prior allegation was false. See, e.g., *People v Williams*, 191 Mich App 269, 273-274; 477 NW2d 877 (1991) (holding that defendant's offer of proof was insufficient because "defense counsel had no idea whether the prior accusation was true or false and no basis for believing that the prior accusation was false . . . [and instead] merely

5

wished to engage in a fishing expedition in hopes of being able to uncover some basis for arguing that the prior accusation was false").[2] In this case, the accused individuals' and other witnesses' statements made to the police during the 2008 investigation and the 2019 follow-up interviews provided at least some apparently credible and potentially admissible evidence that the prior allegations were false. Accordingly, the Court of Appeals erred to the extent it held that defendant's offer of proof was insufficient.

Because we believe that the offer of proof was sufficient, we next conclude that the trial court erred by failing to conduct an *in camera* evidentiary hearing before granting admission of the evidence and that the Court of Appeals also erred by analyzing the ultimate question of admissibility without requiring the trial court to conduct an evidentiary hearing. Once a sufficient offer of proof is made, the *in camera* evidentiary hearing is not optional. *Hackett*, 421 Mich at 350.[3] The hearing is necessary to balance the many important interests at stake:

---

[2] Of course, the evidence must also be relevant. *Hackett*, 421 Mich at 350 ("Unless there is a sufficient showing of relevancy in the defendant's offer of proof, the trial court will deny the motion.").

[3] We acknowledge that in *Hackett* and its companion case, *People v Paquette*, after noting that no evidentiary hearing had been conducted, we held that "because the record established on the defendant's offer of proof in each case is adequate for purposes of appellate review, we need not remand these cases for such a hearing to be held." *Hackett*, 421 Mich at 351. But *Hackett* was considered on direct appeal, after a trial had been conducted in each case. This case, in contrast, is before the Court on interlocutory appeal. Moreover, the issues that defendant Hackett raised were purely legal, and defendant Paquette's offer of proof was insufficient to warrant an evidentiary hearing. *Id*. at 352-354. Here, in contrast, the parties dispute whether KQ's prior accusations were false, and while the record is adequate to determine that defendant's offer of proof was sufficient to warrant an evidentiary hearing, the record is inadequate on the ultimate question of admissibility.

6

A hearing held outside the presence of the jury to determine admissibility promotes the state's interests in protecting the privacy rights of the alleged rape victim while at the same time safeguards the defendant's right to a fair trial. Furthermore, this procedure establishes a record of the evidence for appellate review of the trial court's ruling. [*Id*.]

In short, defendant's offer of proof was sufficient, but an evidentiary hearing is required under *Hackett* before the trial court may admit the evidence.[4]

Looking ahead to the ultimate question of admissibility at trial, we recognize the complexity of the question presented in this case on the issue of a defendant's evidentiary burden to prove that the prior allegations were false. Courts from other jurisdictions have grappled with this question and have reached differing conclusions. See, e.g., *State v White*, 145 NH 544, 548; 765 A2d 156 (2000) (considering different standards and holding that the defendant must show that the prior allegations were "demonstrably false" or "clearly and convincingly untrue"); *State v Walton*, 715 NE2d 824, 828 (Ind, 1999) (also adopting a "demonstrably false" standard but defining it as " 'more stringent than a mere credibility determination' ") (citation omitted); *Dennis v Commonwealth*, 306 SW3d 466, 472-473 (Ky, 2010) (adopting a " 'reasonable probability of falsity' " standard, which is "a heightened standard of proof") (citation omitted); *Morgan v State*, 54 P3d 332, 339 (Alas App, 2002) (adopting a "preponderance of the evidence" standard). See also *State v Smith*, 743 So 2d 199, 203; 98-2045 (La 9/8/99) (after holding that the rape-shield statute does not apply, adopting a standard that asks "not whether [the trial court] believed the prior allegations were false, but whether reasonable jurors could find, based on the evidence

---

[4] Because neither party waived the requirement under *Hackett* to hold an *in camera* evidentiary hearing, we need not address whether a court would be required to hold an *in camera* hearing under those circumstances.

7

presented by defendant, that the victim had made prior false accusations").  Since the adoption of an appropriate standard is a question of first impression in Michigan, we believe it is appropriate for the lower courts to assess this question in the first instance.

## IV.  CONCLUSION

For the above reasons, we vacate the decisions of the Kalamazoo Circuit Court and the Court of Appeals and remand this case to the Court of Appeals for further consideration. On remand, while retaining jurisdiction, the Court of Appeals shall remand this case to the Kalamazoo Circuit Court for an *in camera* evidentiary hearing under *Hackett*.  The Court of Appeals shall direct the trial court to (1) determine the appropriate standard of proof for the admissibility of evidence of prior false allegations of sexual assault by the complainant, (2) conduct an *in camera* evidentiary hearing to determine whether defendant presents sufficient proof of the falsity of the 2008 allegations at the evidentiary hearing to warrant admission of the evidence at trial in this case, and (3) if necessary, make a preliminary determination as to whether, and the extent to which, the evidence is otherwise admissible under the rules of evidence.

Elizabeth T. Clement
Brian K. Zahra
David F. Viviano
Richard H. Bernstein
Megan K. Cavanagh
Elizabeth M. Welch
Kyra H. Bolden

8