**UNITED STATES of America,**
**Plaintiff–Appellee,**

**v.**

**Ramaris ANAGAL, Defendant–**
**Appellant.**

---

\* Michael B. Mukasey is substituted for his predecessor, Alberto R. Gonzales, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

United States of America,
Plaintiff–Appellee,

v.

Ramaris Anagal, Defendant–Appellant.

Nos. 06–10332, 06–10334.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 5, 2007 *.

Filed Dec. 4, 2007.

Joan G. Ruffennach, Esq., Dyanne C. Greer, USPX–Office of the U.S. Attorney, Phoenix, AZ, for Plaintiff–Appellee.

David S. Eisenberg, Esq., Phoenix, AZ, for Defendant–Appellant.

Before: KLEINFELD, SILVERMAN, and W. FLETCHER, Circuit Judges.

MEMORANDUM **

On August 19, 2004, Anagal moved to withdraw his first two motions to sever, so they are not before us. The motion to sever that Anagal argues should have been granted was filed in March 2004, and sought to sever "Counts 1 & 3 from Counts 2 & 4 for trial." This motion was based on both Rule 8(a) and Rule 14(a) of the Federal Rules of Criminal Procedure. The district court denied it December 1, 2004. Trial was not until nine months

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

later, starting September 7, 2005. Anagal did not renew this motion to sever.

 Even if Anagal's March 2004 motion to sever was not waived for failure to renew it, *see United States v. Terry,* 911 F.2d 272, 277 (9th Cir.1990), the district court did not err by denying it. The offenses would require presentation of overlapping evidence about the same two-day crime spree on February 7 and 8, 2003. *See United States v. Jawara,* 474 F.3d 565, 574 (9th Cir.2007); *Terry,* 911 F.2d at 276.

 The district court did not violate Anagal's right to confront one of his two victims. Anagal's proffer did not establish that her prior accusation was false. We held in *Hughes v. Raines,* 641 F.2d 790 (9th Cir.1981), that the right to confrontation was not violated in analogous circumstances, because it was "very doubtful" that "it could be shown convincingly that the other charge was false," *id.* at 792, and the inference of lack of credibility even if that could be proved was too attenuated, *id.* at 793. So too here.

 Appellant argues that the district court erred by striking the testimony of one of the victims, when she came to court intoxicated. But when the court sought counsels' views, defense counsel did not object to striking her testimony. Instead, counsel argued that striking her testimony was not an adequate remedy and suggested various additional remedies, such as alcohol testing if she consented, and mistrial, so review is for plain error. *See United States v. Sarno,* 73 F.3d 1470, 1490–91 (9th Cir.1995). Appellant was permitted to cross examine the witness subsequently, when she came to court sober, and the judge instructed the jury that the reason for the previous decision striking a portion of her testimony was that she had been intoxicated. *See Johnson v. United States,* 520 U.S. 461, 466–67, 117

S.Ct. 1544, 137 L.Ed.2d 718 (1997). There was no plain error.

AFFIRMED.