MICHAEL D. MOORE, APPELLANT, *v.* THE STATE
OF NEVADA, RESPONDENT.

No. 10716

February 28, 1980                                        607 P.2d 105

[4]The Chief Justice designated THE HONORABLE DAVID ZENOFF, Senior Justice, to sit in the place of THE HONORABLE GORDON THOMPSON, who voluntarily disqualified himself in this case. Nev. Const. art. 6, § 19; SCR 10.

*Morgan D. Harris,* Public Defender, and *Bruce Judd,* Deputy Public Defender, Clark County, for Appellant.

*Richard Bryan,* Attorney General, Carson City; *Robert Miller,* District Attorney, and *Gary Weinberger,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

By the Court, GUNDERSON, J.:

A jury convicted Michael D. Moore of robbery and burglary. The court imposed concurrent sentences of ten years for the robbery, and five years for the burglary. This appeal follows.

On July 4, 1977, shortly after midnight, three men entered a trailer house in North Las Vegas, and took money and keys from its occupant. The victim, who owned Gabe's Bar, went to his business following the robbery, and found the doors open and money missing from the cash register.

Based on a tip from Rae Hampton, police arrested John Knight, James Buono and the appellant. Neither the victim nor another witness to certain events preceding the robbery could identify appellant. They only could identify Buono. Pursuant to a grant of immunity from prosecution for unrelated charges, however, Hampton testified against appellant.

Prior to trial, the court ruled on defense motions in limine. Although the court precluded evidence that appellant had marijuana in his residence, it denied a defense request to exclude all references to marijuana and to exclude statements by Buono to Hampton which had been made following the crimes.

1.   The prosecution elicited from Hampton the content of a conversation with appellant after the crimes. In telling of that conversation, Hampton mentioned an earlier conversation in which Buono essentially admitted that the three men had

robbed the bar owner and ransacked the bar. The court instructed the witness to confine her testimony to what she said to the appellant and to what he said in response.

Appellant contends any statements by Buono constituted inadmissible hearsay. *See* NRS 51.035[1]; NRS 51.065. Appellant raises no issue on appeal that the conversation between Hampton and appellant was inadmissible. *Cf.* Beasley v. State, 81 Nev. 431, 404 P.2d 911 (1965).

We agree with the prosecution that the testimony in question did not constitute hearsay. Mention of Buono's statements made the conversation between Hampton and appellant meaningful. *Cf.* U.S. v. Abrahamson, 568 F.2d 604 (8 Cir. 1978); People v. Richards, 552 P.2d 97 (Cal. 1976). Neither Buono's veracity nor the accuracy of Buono's perception or recollection of the facts was involved. Here, the focus was upon appellant's responses, not upon the recitation which evoked those responses. The defense made extensive use of Hampton's preliminary hearing testimony in an effort to impeach her. *See* B. Jefferson, California Evidence Benchbook §§ 1.3, 1.7 (1972).

2.   The appellant next contends that the prosecutor violated the court's previous ruling concerning marijuana, and, as a result, the conviction should be reversed. At oral argument before this court, the prosecutor argued that a ruling on a motion in limine is advisory in nature and the prosecution is free to present its theory of the case in spite of the ruling. We reject this contention. Nevertheless, appellant's contention is without merit. Assuming the prosecutor violated the court's order in asking the question, the defense objection was sustained. The trial court found no prejudice had resulted and denied a motion for mistrial. We find no reversible error. Stewart v. State, 94 Nev. 378, 580 P.2d 473 (1978). *Cf.* Owens v. State, 94 Nev. 171, 576 P.2d 743 (1978).

3.   On cross-examination, the prosecutor showed appellant certain checks and asked whether appellant had ever filled out a check which Knight signed. The appellant answered that he had

---

[1]NRS 51.035 provides in part:

"51.035 'Hearsay' defined. 'Hearsay' means a statement offered in evidence to prove the truth of the matter asserted unless:

"1.   The statement is one made by a witness while testifying at the trial or hearing;

". . . .

"3.   The statement is offered against a party and is:

"(a) His own statement, in either his individual or a representative capacity;

"(b) A statement of which he has manifested his adoption or belief in its truth; . . ."

not. On rebuttal, over objections by appellant, Hampton and her daughter testified that they had seen appellant do so, and that appellant kept blank checks in his residence. The inference was that appellant cashed forged checks at Gabe's Bar. On rebuttal, the prosecutor also elicited from Hampton that, after the crimes occurred, appellant told her he intended to buy a brick of marijuana.

The appellant contends the court erred in admitting this testimony, in that it evidenced other crimes, wrongs and acts.[2] It is improper to show by proof of previous bad conduct that the accused had a propensity for committing crime; and, that because he committed other crimes on another occasion, he probably committed the crime for which he is being tried. Such evidence is apt to be given too much weight by a jury. Jones on Evidence § 4.18 (6 ed. 1972).

The prosecutor contends that the testimony regarding the checks could be supported on any of several grounds: to show preparation, plan or knowledge; to show a common scheme or plan; to impeach appellant's testimony; or, under Dutton v. State, 94 Nev. 461, 581 P.2d 856 (1978). We disagree.

The fact that appellant filled out a check bearing a false signature or cashed it was not relevant to show preparation, plans or knowledge of a burglary and robbery. The trial court admitted the evidence to show appellant was familiar with Gabe's Bar. The appellant testified he was familiar with Gabe's Bar and knew the owner had a "liberal" check cashing policy. Hence, the testimony was not properly admitted as an exception to NRS 48.045(2) because the prejudice outweighed whatever probative value it had. Nor was the evidence proper impeachment. NRS 50.085(3) provides:

> Specific instances of the conduct of a witness, for the purpose of attacking or supporting his credibility, other than conviction of crime, may not be proved by extrinsic evidence. They may, however, if relevant to truthfulness, be inquired into on cross-examination of the witness himself . . . subject to the general limitations upon relevant evidence and the limitations upon interrogation and subject to the provisions of NRS 50.090.

---

[2]NRS 48.045(2) provides:

"Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

Professor McCormick writes that facts showing misconduct of the witness (for which no conviction has been had) are collateral, and if denied on cross-examination, cannot be contradicted. McCormick, Evidence § 47 at 99 (2 ed. 1972). Having received a negative answer to his question, the prosecutor was foreclosed from proving otherwise. *But cf.* Harris v. New York, 401 U.S. 222 (1971) (use of accused's voluntary statements taken in violation of *Miranda* to impeach accused's testimony permissible to prevent perjury).

The State argues that no error occurred because evidence of an intent to purchase marijuana was not evidence of another "crime." Possession of marijuana, however, is a crime and, thus, a stated intent to purchase marijuana would come within the ambit of "other wrongs or acts," set forth in NRS 48.045(2).

4. The remaining question is whether reversal is required. The evidence in this case cannot be characterized as overwhelming. *Cf.* Coffman v. State, 93 Nev. 32, 559 P.2d 828 (1977). No witness could identify appellant as one of the perpetrators. The defense raised a substantial question as to the credibility of Rae Hampton. The appellant consistently denied conversation occurred as Hampton testified. Hampton testified differently at trial than at preliminary hearing, about where appellant was during their conversation and his participation in it. A jury might view her testimony differently if unaware of the appellant's other activities, which only indicated bad character. We are unable to state that the error was harmless beyond a reasonable doubt. *See* Chapman v. California, 386 U.S. 18, 24 (1967).

Reversed and remanded.

MOWBRAY, C. J., and THOMPSON, MANOUKIAN, and BATJER, JJ., concur.