DWIGHT WAYNE MILLER, APPELLANT, *v.*
THE STATE OF NEVADA, RESPONDENT.

No. 19166

September 6, 1989                              779 P.2d 87

*Robert Bruce Lindsay,* Reno, for Appellant.

*Brian McKay,* Attorney General, Carson City, and *Jack T. Bullock,* District Attorney, *Edward Reed,* Deputy District Attorney, Humboldt County, for Respondent.

## OPINION

By the Court, STEFFEN, J.:

This appeal presents the question of whether defense counsel may cross-examine, for impeachment purposes, an alleged sexual assault victim concerning prior fabricated rape accusations. We conclude that under certain conditions, such a practice is permissible. However, for reasons discussed below and under the facts

of this case, we conclude that it is not appropriate to reverse and remand to the trial court to give Miller an opportunity to cross-examine the complaining witness in such a fashion. Accordingly, we affirm.

On December 7, 1987, the complaining witness reported to a school counselor that Miller had sexually assaulted her. The police were subsequently notified and officers interviewed her. Based upon information obtained from the complaining witness and other pertinent evidence, Miller was arrested on December 8, 1987. On December 31, 1987, Miller was charged by information with sexual assault, a violation of NRS 200.366, and battery with intent to commit sexual assault, a breach of NRS 200.400. At a later arraignment, Miller entered a plea of not guilty.

Miller's jury trial was scheduled to commence on March 15, 1988. Prior to jury selection, the State requested that the trial judge disallow defense counsel's cross-examination of the complaining witness concerning prior allegations of rape or molestation. The State admitted that in 1986 the complaining witness reported that her uncle had molested her. The State also noted that although the Attorney General's office investigated the allegations, charges were not filed.[1] The State argued that under such circumstances, the victim's prior accusation was not relevant to the question of her credibility and current sexual assault charges.

After reviewing, apparently for the first time, the Humboldt County Sheriff's Office file concerning the alleged incident between the complaining witness and her uncle, defense counsel argued that in reality, the complaining witness had twice accused her uncle of sexually abusing her or attempting to sexually abuse her. When the trial judge asked defense counsel whether he had other evidence regarding the victim's prior accusations, he responded that the Humboldt County Sheriff's file was the only information he had. As a result, the district court ruled that any cross-examination of the complaining witness concerning prior rape or sexual abuse allegations was precluded by NRS 50.090,[2] Nevada's rape shield statute.

---

[1] The record is not clear as to why charges were not filed. The State suggested that the Attorney General felt that the accusations were too old and that the State was worried about a credibility battle between the complaining witness and her uncle.

[2] NRS 50.090 provides:

> In any prosecution for sexual assault or statutory sexual seduction or for assault with intent to commit, attempt to commit or conspiracy to commit either crime, the accused may not present evidence of any previous sexual conduct of the victim of the crime to challenge the victim's credibility as a witness unless the prosecutor has presented evidence or the victim has testified concerning such conduct, or the

Eventually Miller was tried and convicted of sexual assault.[3] He was sentenced to life imprisonment with the possibility of parole after five years. On appeal, Miller alleges, *inter alia,* that the lower court abused its discretion in denying Miller the opportunity to cross-examine the complaining witness regarding prior sexual abuse accusations which may have been false.

At the outset, it is important to recognize in a sexual assault case that the complaining witness' credibility is critical and thus an alleged victim's prior fabricated accusations of sexual abuse or sexual assault are highly probative of a complaining witness' credibility concerning current sexual assault charges. *See* Little v. State, 413 N.E.2d 639, 643 (Ind.App. 1980). As professor Wigmore explains:

> Occasionally is found in woman complainants, testifying to sex offenses by men, a dangerous form of abnormal mentality—dangerous here, because it affects testimonial trustworthiness while not affecting other mental operations. It consists in a disposition to fabricate irresponsibly charges of sex offenses against persons totally innocent. . . . Sometimes it is associated with unchaste conduct in the witness, sometimes not. But its nature is well known to psychiatrists and is recognizable by them. Testimony to its existence in an individual should always be receivable.

3A *Wigmore On Evidence* § 934a (Chadbourn rev. ed. 1970).

We next conclude, along with a number of sister states,[4] that

---

absence of such conduct, in which case the scope of the accused's cross-examination of the victim or rebuttal shall be limited to the evidence presented by the prosecutor or victim.

[3]The district court had previously ruled that battery with intent to commit sexual assault was a lesser included offense of sexual assault.

[4]*See, e.g.,* Cox v. State, 443 A.2d 607, 613 (Md.App. 1982) (false recanted testimony not related to chastity or sexual conduct); Com. v. Bohannon, 378 N.E.2d 987, 991-92 (Mass. 1978) (proposed cross-examination questions concerning whether complainant previously had made false rape allegations did not relate to her prior sexual activity or reputation for chastity; thus, rape shield statute inapplicable); State v. Durham, 327 S.E.2d 920, 926 (N.C.App. 1985) (child's accusation of abuse by father, told to mother, evidence of conversation or language and, therefore, not excluded by rape shield statute); State v. LeClair, 730 P.2d 609, 613 (Or.App. 1986) (evidence of child's previous false accusations of sexual abuse not evidence of past sexual behavior under rape shield law); Clinebell v. Com., 368 S.E.2d 263, 264 (Va. 1988) (false statements concerning sexual behavior not "conduct").

prior false accusations of sexual abuse or sexual assault by complaining witnesses do not constitute "previous sexual conduct" for rape shield purposes. Specifically, in such cases, the defendant is not attempting to inquire into the complaining witness' sexual history to reveal unchaste character. On the contrary, the defendant seeks to prove for impeachment purposes that the complaining witness has, in the past, made false accusations concerning sexual behavior. *See* Clinebell v. Com., 368 S.E.2d 263, 264 (Va. 1988).

We hold, therefore, that in a sexual assault case, NRS 50.090 does not bar the cross-examination of a complaining witness about prior false accusations. Accordingly, under conditions specified hereafter, defense counsel may cross-examine a complaining witness about previous fabricated accusations, and if the witness denies making the allegations, counsel may introduce extrinsic evidence to prove that, in the past, fabricated charges were made. *See Id.* at 266. *See also* People v. Mikula, 289 N.W.2d 195, 198-199 (Mich.App. 1978).

We recognize that our ruling impinges on the constraints imposed by NRS 50.085(3), Nevada's collateral evidence rule.[5] Specifically, NRS 50.085(3) permits cross-examination of a witness into specific instances of conduct. However, if the witness denies the past conduct, extrinsic evidence to disprove the denial is generally not admissible. *See* Moore v. State, 96 Nev. 220, 224-225, 607 P.2d 105, 107-108 (1980). To the extent that our holding transcends the limitations of NRS 50.085(3), we carve out an exception for sexual assault cases.[6]

Such an exception is in *pari ratione* with this court's current position regarding sexual assault cases and the admissibility of extrinsic impeachment evidence against defendants. Specifically, in Berner v. State, 104 Nev. 695, 765 P.2d 1144 (1988), we held

---

[5]NRS 50.085(3) provides:

Specific instances of the conduct of a witness, for the purpose of attacking or supporting his credibility, other than conviction of crime, may not be proved by extrinsic evidence. They may, however, if relevant to truthfulness, be inquired into on cross-examination of the witness himself or on cross-examination of a witness who testifies to an opinion of his character for truthfulness or untruthfulness, subject to the general limitations upon relevant evidence and the limitations upon interrogation and subject to the provisions of NRS 50.090.

[6]We note that other jurisdictions that have dealt with this problem either ignore their collateral evidence rules or simply take the position that such proof constitutes substantive evidence. Galvin, *Shielding Rape Victims in the State and Federal Court: A proposal for the Second Decade*, 70 Minn. L. Rev. 764, 860 (1986).

that, under certain circumstances, NRS 50.085(3) does not bar the prosecution from introducing extrinsic misconduct evidence against defendants in sexual assault cases. *Id.* at 1146.

As a prerequisite to admitting a complaining witness' prior sexual assault and sexual abuse accusations and corroborative extrinsic evidence proving the falsity thereof, a threshold inquiry must establish both the fact of the accusations and the falsity thereof even before defense counsel launches into cross-examination. *See* Covington v. Alaska, 703 P.2d 436, 442 (Alaska 1985); *Clinebell,* 368 S.E.2d at 266. Thus, if a defendant in a sexual assault case proposes to cross-examine the complaining witness about prior false sexual assault or sexual abuse allegations and introduce corroborative evidence, he must, prior to such questioning, file written notice of his intent. The trial court must then order a hearing, outside the presence of the jury, to determine the propriety of such questioning and the admissibility of corroborative evidence. In making such a determination, the defendant must establish, by a preponderance of the evidence, that (1) the accusation or accusations were in fact made; (2) that the accusation or accusations were in fact false; and (3) that the evidence is more probative than prejudicial. *Cf. Berner,* 104 Nev. at 697, 765 P.2d at 1145.[7] If the defendant satisfies these three conditions, the trial court will authorize cross-examination of the complaining witness concerning the alleged false accusations. The defendant may thereafter present extrinsic evidence of the false accusations only if the complaining witness denies or fails to recall having made such accusations.

Application of the foregoing standard to the instant case reveals that the trial court correctly precluded cross-examination into past allegations of sexual abuse. Specifically, although the complaining witness clearly made prior accusations, Miller failed to make the requisite evidentiary showing to establish that the prior

---

[7]Other jurisdictions apply various standards of proof. For example, in *Little,* 413 N.E.2d at 643, the court stated that prior charges "must be demonstrably false." In Covington v. State, 703 P.2d 436, 442 (Alaska App. 1985), the court stated that such evidence was admissible "only if the defendant makes a showing out of the presence of the jury that the witness' prior allegations of sexual assault were false, as, for example, where the charges somehow had been disproved or where the witness had conceded their falsity." Com. v. Bohannon, 378 N.E.2d 987, 991 (Mass. 1978), required some "factual basis" of falsity. Finally, in Hughes v. Raines, 641 F.2d 790, 792 (9th Cir. 1981), the court stated that the probativeness of a prior rape charge "would depend upon whether it could be shown convincingly that the other charge was false."

allegations were in fact false. More specifically, the only available evidence of alleged falsity was a number of vague references to the Attorney General's motivation for not going forward with the complaining witness' prior sexual abuse allegations. Accordingly, it was proper to deny cross-examination.

We have carefully considered other issues raised on appeal but not discussed herein and conclude that they lack merit. Accordingly, we affirm the judgment entered below.

MOWBRAY and ROSE, JJ., and MOSLEY, D. J.,[8] concur.

SPRINGER, J., dissenting:

The reason that I cannot join with the majority, although I agree entirely with its reasoning, is that I do not think it is fair to expect defense counsel to have followed the somewhat complex procedures required by the majority opinion. I would send the case back for retrial so that evidential questions relating to admissibility of false accusations of sexual misconduct could be dealt with in accordance with *Miller*.

Defense counsel tried to bring before the court evidence that the complaining witness had a habit of falsely accusing people of accosting her in a sexual manner. Defense counsel was told in effect to sit down and not to pursue the matter at all because it constituted a violation of the rape shield law. Neither the court nor counsel can be faulted for not then realizing that as "a prerequisite to admitting a complaining witness's prior sexual assault and sexual abuse accusations and corroborative extrinsic evidence proving the falsity thereof, a threshold inquiry must establish both the fact of the accusations and the falsity thereof even before defense counsel launches into cross examination." Even less could the court and counsel be expected to know that as a condition of being allowed to cross examine in these cases defense counsel "must file written notice of his intent." The trial judge could not possibly have known either that he was required to "order a hearing, outside the presence of the jury, to determine the propriety of such questioning and the admissibility of corroborative evidence." Even less, without a copy of *Miller* in hand, could the judge be expected to have applied the required burden of proof to each of the enumerated requisites listed in the majority opinion at pages six and seven.

The defendant in this case had only one real defense and that was his accuser's penchant for making false and indiscriminate charges of the same nature as those that were being made against

[8]The Honorable Donald M. Mosley, Judge of the Eighth Judicial District Court, was designated by the Governor to sit in the place of THE HONORABLE CLIFF YOUNG, Chief Justice. Nev. Const. art. 6, § 4.

him. Miller was prevented from asserting this defense principally because of his lack of precognition. He, as well as the trial judge, were simply not able to foresee what this court was going to say on the subject. This inability to predict what now becomes the mandated procedure in these kinds of cases is what disabled him from presenting his defense. I think this is unfair. I would give him a chance to present his defense and would send the case back for trial.