EFRAIN M., a MINOR, APPELLANT, v. THE STATE OF NEVADA, RESPONDENT.

No. 22044

December 20, 1991                                823 P.2d 264

*James J. Jackson,* State Public Defender, *James P. Logan,* Deputy Public Defender, Carson City, for Appellant.

*Frankie Sue Del Papa,* Attorney General, Carson City; *Michael McCormick,* District Attorney, *R. Griffy,* Deputy District Attorney, Humboldt County, for Respondent.

## OPINION

*Per Curiam:*

Appellant Efrain M. ("Efrain") was found guilty of a delinquent act, battery with intent to commit sexual assault. Efrain was a minor at the time of the incident; the district court ordered him committed to the Nevada Youth Training Center, stayed this order, and placed him on formal probation for one year.

On appeal, Efrain argues that the district court should have ordered an evidentiary hearing so that he could attempt to establish that the complaining witness had lodged prior false accusations of sexual assault. Specifically, Efrain contends that the

district court erred when it dismissed his notice of intent to present extrinsic evidence of prior false accusations as untimely. We agree.

NRS 50.090, Nevada's rape shield statute, prohibits a person accused of sexual assault or seduction from presenting evidence of the victim's previous sexual conduct to impeach the victim unless the prosecutor has presented such evidence or the victim has testified about the conduct. In Miller v. State, 105 Nev. 497, 501, 779 P.2d 87, 89 (1989), we explained that "prior false accusations of sexual abuse or sexual assault by complaining witnesses do not constitute 'previous sexual conduct' for rape shield purposes"; therefore, "NRS 50.090 does not bar the cross-examination of a complaining witness about prior false accusations [concerning sexual behavior]." We specified that "defense counsel may cross-examine a complaining witness about previous fabricated accusations, and if the witness denies making the allegations, counsel may introduce extrinsic evidence to prove that, in the past, fabricated charges were made." *Id.*

In *Miller,* we also noted that the introduction of extrinsic evidence of prior false accusations encroaches on Nevada's collateral evidence rule, NRS 50.085(3). NRS 50.085(3) allows questions, on cross-examination, of a witness's past conduct. If, however, the witness denies the past conduct, extrinsic evidence contradicting the denial is generally inadmissible. In *Miller,* we explained that "[t]o the extent that our holding transcends the limitations of NRS 50.085(3), we carve out an exception for sexual assault cases." *Id.,* 779 P.2d at 90. Thus, in a sexual assault case, defense counsel may ask the complaining witness about prior false sexual assault charges, and if the witness denies this behavior, defense counsel may introduce extrinsic evidence of the false charges.

Under *Miller,* before extrinsic evidence of the complaining witness's false accusations can be admitted, "a threshold inquiry must establish both the fact of the accusations and the falsity thereof, even before the defense counsel launches into cross-examination." *Id.* at 502, 779 P.2d at 90. Thus, if the defendant wishes to cross-examine the complaining witness about prior false sexual abuse or sexual assault accusations and to introduce extrinsic evidence of these false accusations, the defendant must first file a notice of intent to do so. The trial court is then required to hold a hearing (outside the jury's presence) to determine whether the cross-examination is warranted and whether the extrinsic evidence is admissible. Specifically, the defendant must

show, by a preponderance of the evidence, that: (1) the accusations were made; (2) the accusations were false; and (3) the extrinsic evidence is more probative than prejudicial. *Id.*

In the present case, the district court erred when it determined that Efrain's notice of intent to introduce extrinsic evidence was untimely. In fact, *Miller* does not discuss any timeliness requirements and suggests that the evidentiary hearing may take place *during* trial. (*Miller* requires the evidentiary hearing to take place outside the presence of the jury.)

In addition, *Miller* does not require the defendant to describe the specific prior accusations in the notice of intent to introduce extrinsic evidence. *Miller* simply provides an exception to the collateral evidence rule and allows the defendant to impeach the complaining witness's testimony. To impeach the complaining witness's testimony, the defendant must, in a separate hearing, establish the complaining witness's prior false accusations and that the evidence is more probative than prejudicial. *Miller* thus ensures that collateral evidence demonstrating that the witness has lodged prior false allegations is reliable. In addition, under *Miller,* extrinsic evidence of false accusations can only be presented if the witness "denies or fails to recall having made such accusations." *Id.*

In the present case, Efrain filed a proper notice of intent to introduce extrinsic evidence in a timely manner, and the district court should have ordered a *Miller* evidentiary hearing. Accordingly, we reverse the district court order and remand this matter to the district court so that a *Miller* hearing may be held. During the hearing, Efrain must show, by a preponderance of the evidence that, before lodging a complaint against him, the complaining witness made prior false accusations of sexual assault. In addition, Efrain must demonstrate that the extrinsic evidence is more probative than prejudicial.

If Efrain meets his burden of proof, he should then be allowed to question the complaining witness about the prior false accusations. If she denies or does not remember the prior accusations, Efrain should be permitted to introduce extrinsic evidence of the prior accusations and to cast doubt upon the complaining witness's credibility. If the district court determines that the complaining witness's credibility has been decreased because of prior false accusations, it should carefully reconsider her testimony in light of this fact. Of course, if Efrain fails to meet his burden of proof in the evidentiary hearing, the district court order finding him to be a delinquent child should be reinstated.