An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

REYNALDO AGAVO,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 60300

**FILED**

MAY 13 2013



TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

### ORDER OF AFFIRMANCE

This is an appeal from an order of the district court denying a post-conviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Valorie J. Vega, Judge.

Appellant argues that the district court erred in denying the claims of ineffective assistance of trial counsel raised in his October 28, 2010, petition. To prove ineffective assistance of counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*). Both components of the inquiry must be shown, *Strickland*, 466 U.S. at 697, and the petitioner must demonstrate the underlying facts by a preponderance of the evidence, *Means v. State*, 120 Nev. 1001, 1012, 103 P.3d 25, 33 (2004).

First, appellant argues that his trial counsel was ineffective for failing to file a pretrial motion to admit a previous allegation from the

SUPREME COURT
OF
NEVADA

(O) 1947A

13-14022

victim that appellant sexually abused her. Appellant fails to demonstrate that his trial counsel's performance was deficient or that he was prejudiced. Counsel sought introduction of this evidence at trial, the district court concluded it was inadmissible, and this court affirmed that decision on direct appeal. *Agavo v. State*, Docket No. 48444 (Order of Affirmance, May 29, 2009). Appellant fails to demonstrate a reasonable probability of a different outcome at trial had counsel raised additional arguments pretrial regarding this evidence as appellant fails to demonstrate the victim's allegations were false. *See Abbott v. State*, 122 Nev. 715, 733, 138 P.3d 462, 474 (2006) (citing *Efrain M. v. State*, 107 Nev. 947, 950, 823 P.2d 264, 265 (1991)). Therefore, the district court did not err in denying this claim.

Second, appellant argues that his trial counsel was ineffective for failing to hire an art expert to testify that appellant did not create a drawing that the child victim stated appellant gave to her. Appellant failed to demonstrate that his trial counsel's performance was deficient or that he was prejudiced. Appellant testified at trial that he did not create the drawing and appellant does not demonstrate that it was unreasonable for counsel to fail to present further testimony of this nature. Appellant fails to demonstrate a reasonable probability of a different outcome at trial had counsel sought expert testimony regarding creation of the drawing. Therefore, the district court did not err in denying this claim.

Next, appellant argues that the district court erred by declining to reconsider its decision pursuant to NRCP 60(b) or allow him to amend a denied claim pursuant to NRS 34.750. Appellant argues that he had a misunderstanding regarding his burden to provide an expert opinion for his claim regarding the creation of the drawing and that the

district court should have allowed him to supplement his petition with a report from an art expert. Even assuming, without deciding, that a motion pursuant to NRCP 60(b) is applicable in a post-conviction proceeding, *see* NRS 34.780(1) (stating that the Nevada Rules of Civil Procedure apply to proceedings for post-conviction petitions for a writ of habeas corpus to the extent they are not inconsistent with NRS Chapter 34); *see also Klein v. Warden*, 118 Nev. 305, 309-10, 43 P.3d 1029, 1032-33 (2002) (stating that civil tolling provisions related to the civil rules of procedure do not apply to appeals from orders of the district court resolving post-conviction habeas corpus petitions), appellant fails to demonstrate that the district court abused its discretion in denying appellant's motion. *See Culinary & Hotel Serv. Workers Union v. Haugen*, 76 Nev. 424, 430, 357 P.2d 113, 116 (1960). In addition, appellant fails to demonstrate that the district court abused its discretion in declining to allow appellant to amend his claims. *Cf. State v. Powell*, 122 Nev. 751, 758, 138 P.3d 453, 458 (2006) (stating that the district court has broad authority to permit a petitioner to raise new claims in post-conviction proceedings). Therefore, appellant fails to demonstrate that the district court erred.

Having concluded that appellant is not entitled to relief, we ORDER the judgment of the district court AFFIRMED.

_____, J.
Gibbons

_____, J.
Douglas

_____, J.
Saitta

cc: Hon. Valorie J. Vega, District Judge
James C. Gallo, Jr.
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk