# IN THE SUPREME COURT OF THE STATE OF NEVADA

JOEL ROSS SEMPIER,
Appellant,
vs.
ROBERT LEGRAND, WARDEN; AND
THE STATE OF NEVADA,
Respondents.

No. 73189

FILED

JUL 2 0 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a district court order denying appellant Joel Sempier's postconviction petition for a writ of habeas corpus. Second Judicial District Court, Washoe County; Scott N. Freeman, Judge.

Sempier argues that the district court erred in denying claims of ineffective assistance of trial counsel. To prove ineffective assistance of counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*). Both components of the inquiry must be shown, *Strickland*, 466 U.S. at 697, and the petitioner must demonstrate the underlying facts by a preponderance of the evidence, *Means v. State*, 120 Nev. 1001, 1012, 103 P.3d 25, 33 (2004). We give deference to the district court's factual findings if supported by substantial evidence and not clearly erroneous but review the court's application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

SUPREME COURT
OF
NEVADA

(O) 1947A

18 - 27670

First, Sempier claims that trial counsel should have investigated and presented evidence showing that the victim and her husband had a volatile relationship and the victim had a pattern of acting irrationally in an attempt to elicit attention from her husband and manipulate or punish him. Specifically, Sempier points to the following evidence: testimony that the victim on one occasion confronted her husband at a bar and expressed anger that he was out drinking with friends; testimony that the victim had sexual relationships with other men during her marriage and that she and her husband drank and fought a lot; an audio recording of an argument between the victim and her husband occurring a few days after the sexual assault; and a domestic-abuse incident between the victim and her husband occurring after the sexual assault. Sempier claims that this evidence proves that the victim was a troubled individual who had a motive to make up allegations of sexual assault. Sempier fails to demonstrate that counsel's performance was deficient. Trial counsel testified at the evidentiary hearing that the theory of defense at trial was that Sempier and the victim had consensual sex but the victim was worried that her husband would find out and therefore made up the allegations about sexual assault in an attempt to save her marriage. At trial, counsel elicited testimony from the victim and her husband that they had been separated and living apart for a year and that the victim had recently moved back in with her husband and was trying to work on their marriage. Though counsel was aware of additional evidence indicating that the victim had a troubled relationship with her husband, he chose not to use that evidence at trial because it was cumulative, inadmissible under Nevada's rape shield statute, or not helpful to his defense. We conclude that Sempier fails to demonstrate that counsel's choice of defense was objectively

SUPREME COURT
OF
NEVADA

(O) 1947A

2

unreasonable. *See Doleman v. State*, 112 Nev. 843, 848, 921 P.2d 278, 280-81 (1996) (stating that trial counsel's tactical decisions are virtually unchallengeable); *see also Rios v. Rocha*, 299 F.3d 796, 807 (9th Cir. 2002) ("Once counsel reasonably selects a defense, it is not deficient performance to fail to pursue alternative defenses."). Therefore, the district court did not err in denying this claim.

Second, Sempier argues that trial counsel should have presented evidence showing that the victim's husband did not believe the victim's allegations of sexual assault, which would have made the victim less credible. Sempier fails to demonstrate that counsel's performance was deficient or that he was prejudiced. Counsel elicited testimony from the husband that he did not immediately believe the victim when she told him that Sempier raped her. While Sempier contends that counsel should have introduced the victim's 911 call and a police officer's statement, this evidence would have shown only that the husband did not believe the victim when she first reported the offense, which would have been cumulative of the husband's testimony. The other evidence that Sempier alleges should have been presented—the audio recording of an argument between the victim and her husband, a police report about a domestic-abuse incident between the victim and her husband, and testimony by Sempier's cousin that the victim's husband apologized to him days after the sexual assault— did not clearly indicate that the husband did not believe the victim. Furthermore, Sempier has failed to provide this court with an adequate appendix containing the complete trial transcripts for this court's review on appeal. *See* NRAP 30(b)(1) ("Copies of all transcripts that are necessary to the Supreme Court's or Court of Appeals' review of the issues presented on appeal shall be included in the appendix."); NRAP 30(b)(3) (appellant's

appendix shall include any "portions of the record essential to determination of the issues raised in appellant's appeal"); *Greene v. State*, 96 Nev. 555, 558, 612 P.2d 686, 688 (1980) ("The burden to make a proper appellate record rests on appellant."). Accordingly, Sempier cannot demonstrate that the district court erred in concluding he did not show a reasonable probability of a different outcome at trial. Therefore, the district court did not err in denying this claim.

Third, Sempier argues that trial counsel should have investigated and presented evidence that the victim had previously had an affair with another man while married and that she had falsely accused that man of sexual assault. Sempier fails to demonstrate that counsel's performance was deficient or that he was prejudiced. Evidence that the victim had a sexual relationship four years before the sexual assault had little relevance and likely would have been inadmissible under Nevada's rape shield statute, NRS 50.090. While the rape shield statute would not bar evidence of prior false accusations of sexual assault, *see Miller v. State*, 105 Nev. 497, 500-01, 779 P.2d 87, 89 (1989), the evidence presented at the evidentiary hearing failed to prove that the victim had made a false accusation of sexual assault or that counsel should have known about it. Therefore, the district court did not err in denying this claim.

Fourth, Sempier argues that trial counsel should have interviewed and called four witnesses to testify about the victim's untruthfulness. Sempier fails to demonstrate that counsel's performance was deficient or that he was prejudiced. Counsel testified that he had spoken to one of the witnesses but decided not to call her as a witness because her statements about the victim were based on rumors and speculation. The witnesses' testimony at the evidentiary hearing revealed

that they had little or no personal knowledge of the victim's character and their opinions regarding her untruthfulness were due to her unfaithfulness to her husband. Sempier fails to demonstrate that counsel's concerns about the admissibility of such evidence was unreasonable or that there was a reasonable probability of a different result had counsel presented this testimony. Therefore, the district court did not err in denying this claim.

Fifth, Sempier argues that trial counsel should have called Sempier's cousin to testify that, during the evening preceding the sexual assault, the victim had been staring at Sempier and talking to him in a way the cousin found to be flirtatious. Sempier fails to demonstrate that counsel's performance was deficient or that he was prejudiced. Counsel elicited testimony at trial about the victim's interactions with Sempier on the evening of the sexual assault, and Sempier fails to demonstrate a reasonable probability of a different outcome at trial had the jury heard his cousin's characterization of the victim's behavior as flirtatious. Therefore, the district court did not err in denying this claim.

Sixth, Sempier argues that trial counsel should have opposed the State's motion in limine to preclude evidence of a domestic-violence incident between the victim and her husband occurring after the sexual assault.[1] Sempier fails to demonstrate that counsel's performance was deficient or that he was prejudiced. At the evidentiary hearing, trial counsel explained that he chose not to oppose the State's motion because he had

---

[1]Sempier also argues that trial counsel should have opposed the State's motion in limine to preclude evidence of the victim's prior DUI conviction, but Sempier concedes on appeal that he was not prejudiced by counsel's inaction and makes no further argument with respect to that claim. *See Maresca v. State*, 103 Nev. 669, 673, 748 P.2d 3, 6 (1987) (declining to consider claims not supported by cogent argument).

concerns about the admissibility and relevance of the physical altercation between the victim and her husband. Sempier fails to demonstrate that this decision was objectively unreasonable. Therefore, the district court did not err in denying this claim.

Seventh, Sempier contends that trial counsel should have objected to the SART nurse's reliance on outdated statistics or retained a rebuttal expert to testify that the injury to the victim was not indicative of sexual assault. Sempier fails to demonstrate that counsel's performance was deficient or that he was prejudiced. The nurse testified that the victim had a vaginal injury that was commonly caused by sexual penetration and was found in 70% of sexual assault victims. Counsel elicited testimony from the nurse that the statistic was from an old study, that newer studies indicated the injury occurs just as often during consensual sex, and that she was unable to determine when the victim's injury occurred or whether it was caused by sexual assault as opposed to consensual sex. Because the issue at trial was not whether sex occurred, but rather whether the sex was consensual, Sempier fails to show that counsel's cross-examination of the nurse was inadequate or that further testimony about other causes of the vaginal injury would have been helpful to his defense. Therefore, the district court did not err by denying this claim.

Eighth, Sempier argues that trial counsel should have objected during closing arguments to the State's misrepresentation of the SART nurse's testimony about the frequency of injury in sexual assault cases. Sempier fails to demonstrate that counsel's performance was deficient or that he was prejudiced. The State's closing argument did not mischaracterize the nurse's testimony, and counsel addressed the statement and emphasized the nurse's testimony that the injury did not

prove lack of consent. Therefore, the district court did not err by denying this claim.

Ninth, Sempier argues that trial counsel should have presented and requested a jury instruction on the defense of a reasonable mistaken belief of consent. Sempier fails to demonstrate that counsel's performance was deficient. Given Sempier's trial testimony that the victim initiated the sexual intercourse and that he was "100% positive" that the victim knew it was him and not her husband, it was not objectively unreasonable for trial counsel to argue consent, rather than a mistaken belief in consent, as the theory of defense. Therefore, the district court did not err in denying this claim.

Tenth, Sempier argues that trial counsel should have objected to the prosecution's knowing use of false testimony and should have addressed the inconsistencies in that testimony. Sempier fails to demonstrate that counsel's performance was deficient or that he was prejudiced. His claim regarding the prosecution's knowing use of false testimony is based on an assumption that the victim was lying. Sempier fails to demonstrate that the victim provided false testimony, and thus fails to demonstrate that counsel was ineffective for failing to make this argument. Furthermore, counsel cross-examined the victim about numerous inconsistencies in her testimony, and Sempier fails to show that counsel's failure to inquire about other inconsistencies was objectively unreasonable or that there was a reasonable probability of a different outcome had counsel made such inquiries at trial. Therefore, the district court did not err in denying this claim.

Eleventh, Sempier argues that trial counsel was ineffective for failing to preserve errors for appeal and for raising a non-meritorious claim

on direct appeal. Sempier does not provide specific argument as to any errors that were not preserved, but instead relies on the claims of ineffective assistance addressed previously. He fails to demonstrate that counsel was deficient on appeal or that he was prejudiced by counsel's performance. *See Kirksey v. State*, 112 Nev. 980, 998, 923 P.2d 1102, 1114 (1996) (applying the *Strickland* standard to claims of ineffective assistance of appellate counsel). Therefore, the district court did not err in denying this claim.

Finally, Sempier argues that the cumulative effect of trial counsel's deficient performance warrants relief. Even assuming that multiple deficiencies in counsel's performance may be cumulated to establish prejudice, *see McConnell v. State*, 125 Nev. 243, 259, 212 P.3d 307, 318 (2009), Sempier has not demonstrated any deficient performance, and thus there is nothing to cumulate. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____ , J.
Pickering

_____ , J.
Gibbons

_____ , J.
Hardesty

cc:    Hon. Scott N. Freeman, District Judge
Patricia C. Halstead
Washoe County District Attorney
Attorney General/Carson City
Washoe District Court Clerk