# IN THE SUPREME COURT OF THE STATE OF NEVADA

NESTOR IVAN QUINTANA,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 80718

FILED

MAY 14 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of two counts of lewdness with a child under the age of fourteen. Eighth Judicial District Court, Clark County; Michelle Leavitt, Judge.

Eleven-year-old MG accused her stepfather, appellant Nestor Ivan Quintana, of sexual abuse occurring over a period of years. MG detailed her abuse to several witnesses, but she described different, and sometimes overlapping, incidents to each witness. Quintana confessed to once placing MG's hand on his erect penis and rubbing her breasts and vagina. The State charged Quintana with five counts of lewdness with a child under the age of fourteen and four counts of sexual assault of a minor under fourteen years of age.

MG recanted before and at trial. During one pretrial recantation, MG stated that Quintana did not abuse her, but her cousin did. At trial, the State presented evidence supporting a theory that MG recanted due to pressure from her mother, Melissa Quintana, who told several people that she did not believe MG's allegations and demonstrated her preference for Quintana. The defense presented evidence supporting a theory that MG recanted several times, habitually lied, and that Quintana, a military

21-13902

veteran, was pressured to confess due to his PTSD. A jury convicted Quintana of two counts of lewdness with a child under the age of fourteen.

On appeal, Quintana argues that the district court abused its discretion by failing to admit MG's allegations of sexual abuse against her cousin A. (the CA allegations) and by admitting prior bad act evidence at trial.[1] Quintana also argues that the State committed prosecutorial misconduct during its closing argument. We disagree and affirm the judgment of conviction.

*The district court did not abuse its discretion by denying Quintana's motion to admit prior allegations of sexual abuse*

Quintana argues that the district court violated his Sixth and Fourteenth Amendment right to confront his accuser by not allowing him to cross-examine MG or present evidence regarding the CA allegations. Quintana argues that the CA allegations were admissible under *Miller v. State*, 105 Nev. 497, 779 P.2d 87 (1989), and *Summitt v. State*, 101 Nev. 159, 697 P.2d 1374 (1985).[2]

---

[1]Quintana also argues the district court abused its discretion by refusing to give his proposed "two reasonable interpretations" instruction. However, the district court instructed the jury on reasonable doubt, and Quintana concedes that under Nevada law the district court therefore did not abuse its discretion by refusing to give his additional instruction. *See Bails v. State*, 92 Nev. 95, 96-97, 545 P.2d 1155, 1155-56 (1976) (explaining it is not error to refuse to give a "two reasonable interpretations" jury instruction when the jury is properly instructed on reasonable doubt). Although Quintana urges us to nevertheless require courts to give the instruction, we decline to do so.

[2]Quintana also argues NRS 50.090 does not apply to bar evidence of MG's allegations against her cousin, but he failed to raise this argument below. *See State v. Sample*, 134 Nev. 169, 172, 414 P.3d 814, 817 (2018) (stating this court will not consider arguments raised for the first time on appeal). Regardless, Quintana's argument is without merit. NRS 50.090

*Miller v. State*

In *Miller*, we explained "NRS 50.090 does not bar the cross-examination of a complaining witness about prior false [sexual abuse] allegations." 105 Nev. at 501, 779 P.2d at 89. The defendant must demonstrate by a preponderance of the evidence that an accusation was made, the accusation was false, and "the evidence is more probative than prejudicial." *Id.* at 502, 779 P.2d at 90. The defendant must show that "*before lodging a complaint against him*, the complaining witness made prior false accusations." *Efrain M. v. State*, 107 Nev. 947, 950, 823 P.2d 264, 266 (1991) (emphasis added). And "vague references" to the State's reasons for not pursuing charges on the prior sexual abuse allegations is insufficient to prove falsity. *Miller*, 105 Nev. at 502-03, 779 P.2d at 90-91.

Here, the CA allegations were made after MG accused Quintana of sexual abuse. Quintana's sole basis for the allegations' falsity was that the district attorney did not pursue charges against A. We conclude that Quintana failed to prove by a preponderance of the evidence that the CA allegations were either prior or false allegations of sexual abuse. Therefore, the district court properly denied Quintana's motion under *Miller*.[3]

*Summitt v. State*

Quintana argues that the CA allegations were admissible as true prior allegations demonstrating an independent source of sexual knowledge. The "defendant may show that an alleged victim has

applied to Quintana's case because he was charged with several counts of sexual assault of a minor under the age of fourteen.

[3]Quintana also argues that we should abrogate *Miller*, but we decline to address his argument in light of our decision.

experienced specific incidents of sexual conduct such that the alleged victim has the experience and ability to contrive sexual allegations against the defendant." *Williams v. State*, 134 Nev. 687, 697, 429 P.3d 301, 311 (2018) (discussing *Summitt*, 101 Nev. at 163-64, 697 P.2d at 1376-77). Importantly, the evidence must not be offered "to impeach the credibility of the complaining witness by a general allegation of unchastity," but instead must be offered to show the witness "had knowledge of such acts" which could form the basis for the allegations against the defendant. *Summitt*, 101 Nev. at 163, 697 P.2d at 1377.

We first note that Quintana failed to provide a transcript of the interview where MG made the CA allegations in the record on appeal, preventing us from properly reviewing this issue. *See Johnson v. State*, 113 Nev. 772, 776, 942 P.2d 167, 170 (1997) (holding that "[i]t is appellant's responsibility to make an adequate record," and this court will not "consider matters not appearing in that record"). Our review of the available appellate record demonstrates that MG made general, vague allegations against her cousin, unlike the specific and detailed allegations she made against Quintana. *See Williams*, 134 Nev. at 698, 429 P.3d at 311-12 (considering the prior allegations' probative value as viewed in the case's context). Furthermore, MG accused her cousin after MG accused Quintana, and the events alleged in the CA allegations took place amidst the years of abuse alleged against Quintana, not prior to that abuse. Therefore, Quintana failed to demonstrate that the CA allegations formed the basis for

MG's allegations against him, and we conclude that the district court did not abuse its discretion by denying Quintana's motion under *Summitt*.[4]

*The district court did not abuse its discretion by admitting prior bad act evidence*

Quintana argues that the district court violated his due process right to a fair trial by admitting prejudicial bad act evidence at trial. Specifically, following Quintana's cross-examination of Melissa where she testified that Quintana always withdrew from conflict, the State asked Melissa about a domestic violence incident when she called the police on Quintana. Quintana contends that the State could not inquire into the incident or impeach Melissa with a specific act of conduct because the State was questioning its own witness on redirect examination. Quintana further argues that the evidence the State presented was dissimilar to the evidence Quintana elicited during cross-examination.

"This court reviews a district court's decision to admit or exclude prior-bad-act evidence under an abuse of discretion standard." *Newman v. State*, 129 Nev. 222, 231, 298 P.3d 1171, 1178 (2013). Character evidence "is not admissible for the purpose of proving that the person acted in conformity therewith on a particular occasion, except . . . [character evidence] offered by an accused, and similar evidence offered by the prosecution to rebut such evidence," is admissible. NRS 48.045(1)(a). When character evidence "is admissible, proof may be made by testimony as to

---

[4]In light of our decision, we need not reach Quintana's other arguments on this point that the CA allegations provided an alternative suspect and the district court erred by failing to conduct a pre-admissibility hearing under *Guitron v. State*, 131 Nev. 215, 350 P.3d 93 (Ct. App. 2015), and *Williams*, 134 Nev. at 698, 429 P.3d at 312 (adopting the procedure set forth in *Guitron*).

reputation or in the form of an opinion" and by specific instances of conduct on cross-examination. NRS 48.055(1). "A witness may use redirect examination to explain or clarify testimony elicited during cross-examination." *Barrett v. State*, 105 Nev. 356, 359, 776 P.2d 538, 540 (1989). In *Barrett*, although the statute at issue provided for inquiring into specific instances of conduct for truthfulness on cross-examination, the district court properly allowed the State to inquire into specific instances of conduct for truthfulness on redirect where the defense elicited the character evidence from a State witness during cross-examination and therefore "opened the door to questions about specific acts" about that character trait. *Id.*

Here, although Melissa was the State's witness, Quintana elicited evidence of his meek character from her during cross-examination. This scenario falls under the plain language of NRS 48.045(1)(a), but we also note that other authorities agree that "[d]efense counsel may . . . place [a] defendant's character in issue during . . . cross-examination of state witnesses." Clifford S. Fishman, 3 *Jones on Evidence: Civil and Criminal* § 16:30 (7th ed. 1998); *see also Gov't of Virgin Is. v. Roldan*, 612 F.2d 775, 778 (3rd Cir. 1979) (affirming the prosecutor's ability to question a witness about a specific instance of the defendant's bad character related to the evidence of his good character elicited by the defendant on cross-examination); *Stansbury v. Commonwealth*, 454 S.W.3d 293, 300 (Ky. 2015) (same). And although NRS 48.055(1) allows for inquiry into specific instances of conduct during cross-examination, a similar inquiry on redirect is proper where, as here, defense counsel elicited character evidence from a State witness during cross-examination. *See Barrett*, 105 Nev. at 359, 776 P.2d at 540. Furthermore, evidence Quintana was the aggressor during a

domestic violence incident was relevant to rebut Quintana's proffered evidence that he always backed down from conflict. Finally, the district court sufficiently limited the State's redirect examination relevant to the cross-examination and the jury did not learn of any arrests or convictions in the matter. Therefore, we conclude under these specific facts, the district court did not abuse its discretion by allowing the State to question Melissa about the domestic violence incidence to rebut Quintana's proffered character evidence.

*The prosecutor made an improper golden rule argument*

Quintana next argues that the State violated his fundamental right to a fair trial by committing prosecutorial misconduct during its rebuttal closing argument. Quintana argues that the State disparaged Quintana and his attorney by characterizing the defense theory and the attorney as "ridiculous," "bizarre," and "absurd." Quintana argues that the State also improperly asked the jury to put itself in the victim's shoes.

Quintana failed to object below, so we review for plain error. *Valdez v. State*, 124 Nev. 1172, 1190, 196 P.3d 465, 477 (2008). "[A]n error that is plain from a review of the record does not require reversal unless the defendant demonstrates that the error affected his or her substantial rights, by causing actual prejudice or a miscarriage of justice." *Id.* (internal quotation marks omitted). To analyze a claim of prosecutorial misconduct, we first "determine whether the prosecutor's conduct was improper," and if so, "we must determine whether the improper conduct warrants reversal." *Id.* at 1188, 196 P.3d at 476.

We have carefully reviewed the record and conclude that, when read in context, the majority of the prosecutor's statements were not improper as they were generally appropriate within the context of the argument, supported by the evidence, targeted to argue about witness

SUPREME COURT
OF
NEVADA

(O) 1947A

credibility, or in response to Quintana's closing arguments. *Cf. Jeffries v. State*, 133 Nev. 331, 333-34, 397 P.3d 21, 25-26 (2017) (considering the prosecutor's comments in context); *Parker v. State*, 109 Nev. 383, 391-92, 849 P.2d 1062, 1067-68 (1993) (approving admission of a statement that was supported by the evidence); *Rowland v. State*, 118 Nev. 31, 39, 39 P.3d 114, 119 (2002) (explaining that while a prosecutor may not improperly vouch for or against a witness, the prosecutor may argue witness credibility where the outcome depends on which witnesses the jury believes); *Pacheco v. State*, 82 Nev. 172, 179-80, 414 P.2d 100, 104 (1966) (concluding reversal was not appropriate for remarks provoked by the defense).

We are very critical, however, of the prosecutor's impermissible golden rule argument, in which he stated, "What do you think you would feel like if you had to look at photographs of your abuser all over the place that you live in." *See McGuire v. State*, 100 Nev. 153, 157, 677 P.2d 1060, 1064 (1984) (holding the prosecutor's closing argument "that the jurors should place themselves in the position of the victim" was "exceedingly improper"). This argument clearly violates the golden rule and was improper. Nevertheless, based on plain error review, we conclude the prosecutor's statements did not affect Quintana's substantial rights or cause actual prejudice or a miscarriage of justice. *Valdez*, 124 Nev. at 1190, 196 P.3d at 477. The jury convicted Quintana of only two out of nine charges, and Quintana's confession to sexually abusing MG supports the two convictions. Therefore, the prosecutor's comment ultimately did not

affect Quintana's substantial rights and amount to plain error requiring the reversal of his conviction.[5]

Accordingly, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Parraguirre

_____, J.
Stiglich

_____, J.
Silver

cc:    Hon. Michelle Leavitt, District Judge
       Clark County Public Defender
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk

---

[5]In light of our decision, there is no cumulative error requiring reversal. *See Carroll v. State*, 132 Nev. 269, 287, 371 P.3d 1023, 1035 (2016) ("[O]ne error cannot cumulate.").